## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KNIGHT FIRST AMENDMENT INSTITUTE
AT COLUMBIA UNIVERSITY
    475 Riverside Drive, Suite 302
    New York, NY 10115,

AMERICAN CIVIL LIBERTIES UNION
    125 Broad Street—18th Floor
    New York, NY 10004,

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
    125 Broad Street—18th Floor
    New York, NY 10004,

                *Plaintiffs*,

    v.

DEPARTMENT OF DEFENSE
    1400 Defense Pentagon
    Washington, DC 20301,

DEPARTMENT OF THE ARMY
    114 Army Pentagon
    Washington, DC 20310,

CENTRAL INTELLIGENCE AGENCY
    Washington, DC 20505,

DEPARTMENT OF JUSTICE
    950 Pennsylvania Ave., NW
    Washington, DC 20530,

DEPARTMENT OF JUSTICE, OFFICE OF
LEGAL COUNSEL
    950 Pennsylvania Ave., NW
    Washington, DC 20530-0001,

DEPARTMENT OF JUSTICE, NATIONAL
SECURITY DIVISION
    950 Pennsylvania Ave., NW
    Washington, DC 20530-0001,

Civil Action No.   1:18-cv-1129

FEDERAL BUREAU OF INVESTIGATION
    Washington, DC 20535,

DEPARTMENT OF STATE
    2201 C St., NW
    Washington, DC 20520,

OFFICE OF THE DIRECTOR OF NATIONAL
INTELLIGENCE
    Washington, DC 20511,

DEPARTMENT OF THE AIR FORCE
    1000 Air Force Pentagon
    Washington, DC 20330-0100

UNITED STATES COAST GUARD
    2703 Martin Luther King Jr. Ave., SE
    Washington, DC 20593-7000

DRUG ENFORCEMENT ADMINISTRATION
    8701 Morrissette Drive
    Springfield, VA 22152

DEPARTMENT OF HOMELAND SECURITY
    Washington, DC 20528,

DEFENSE INTELLIGENCE AGENCY
    Washington, DC 20340-5100

DEPARTMENT OF ENERGY
    1000 Independence Ave., SW
    Washington, DC 20585,

DEPARTMENT OF THE TREASURY
    Room 3000, Main Treasury Building
    1500 Pennsylvania Ave., NW
    Washington, DC 20220,

MARINE CORPS
    3000 Marine Corps Pentagon
    Washington, DC 20350-3000

DEPARTMENT OF THE NAVY
    1200 Navy Pentagon
    Washington, DC 20350-1200

NATIONAL GEOSPATIAL-INTELLIGENCE
AGENCY
      7500 GEOINT Drive
      Springfield, VA 22150,

NATIONAL RECONNAISSANCE OFFICE
      14675 Lee Road
      Chantilly, VA 20151-1715,

NATIONAL SECURITY AGENCY
      Fort George G. Mead
      Maryland 207550-6000,

          *Defendants*.

## COMPLAINT FOR INJUNCTIVE RELIEF

### Introduction

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, for injunctive and other appropriate relief. Plaintiffs Knight First Amendment Institute at

Columbia University ("Knight Institute") and the American Civil Liberties Union and the

American Civil Liberties Union Foundation (together, "ACLU") seek the immediate release of

records relating to the prepublication-review processes in place within various agencies across

the executive branch.

2.      For decades, many U.S. government agencies have required many current and

former employees and contractors to submit any materials discussing their government service

for review before public release. Although there is no uniform executive-branch policy

governing this "prepublication review," millions of current and former government employees

are subject to it. *See, e.g.*, Jack Goldsmith & Oona Hathaway, *The Government's Prepublication

Review Process is Broken*, Wash. Post (Dec. 25, 2015), http://wapo.st/2H0OPBJ

[https://perma.cc/PNW7-3Q7V].

3.       In recent years, prepublication-review requirements have grown increasingly far-reaching and burdensome, which has resulted in escalating public concern about their legality and fairness. *See id.*

4.       Despite this public concern, much about the prepublication-review processes in place across the executive branch generally and within the intelligence community specifically remains unknown. For example, it is unclear how individual agencies interpret the vague and sweeping standards that govern review. Furthermore, there is anecdotal evidence of lengthy delays and arbitrary and capricious application of the vague and overbroad standards that apply. *See, e.g.*, Jack Goldsmith & Oona Hathaway, *The Scope of the Prepublication Review Problem, and What to Do About It*, Lawfare (Dec. 30, 2015), https://lawfareblog.com/scope-prepublication-review-problem-and-what-do-about-it [https://perma.cc/JJ5Q-WUU7].

5.       The dysfunction in the prepublication review of the writings of current and former government employees raises serious First Amendment concerns. As the Supreme Court has recognized, government employees are the members of society "most likely to have informed and definitive opinions" about the operations of the government, and it is therefore "essential that they be able to speak out freely" about government processes. *Pickering v. Bd. of Educ. Of Twp. High Sch. Dist. 205*, 391 U.S. 563, 572 (1968). Prepublication-review requirements—to the extent that they are vague, overbroad, or unfairly enforced—are an affront to First Amendment values and a matter of urgent public concern.

6.       To inform the public about prepublication review, Plaintiffs have now filed a total of four FOIA requests for various records relating to prepublication review. The first of those requests is the subject of ongoing litigation. *See Am. Civil Liberties Union v. CIA*, No. 1:16-cv-01256 (D.D.C. 2016). Plaintiffs file this lawsuit to enforce the remaining three requests, which

seek records relating to the prepublication review process across intelligence community agencies, including documents dealing with appeals and sanctions for violations of agencies' policies.

7.     Disclosure of the records that Plaintiffs seek would enhance the public's understanding of prepublication review and its effect on the public's knowledge of and insight into the activities of the government.

## Jurisdiction and Venue

8.     This Court has both subject-matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9.     Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B).

## Parties

10.     Plaintiff Knight First Amendment Institute at Columbia University is a New York not-for-profit corporation based at Columbia University that works to preserve and expand the freedoms of speech and the press through strategic litigation, research, and public education. Public education is essential to the Knight Institute's mission. Obtaining information about government activity, analyzing that information, and publishing and disseminating it to the press and public are among the core activities the Knight Institute was established to conduct. The Knight Institute is a "person" within the meaning 5 U.S.C. § 551(2).

11.     Plaintiff American Civil Liberties Union is a nationwide, non-profit, nonpartisan 26 U.S.C. § 501(c)(4) organization with more than 1.75 million members dedicated to the constitutional principles of liberty and equality. The ACLU is committed to ensuring that the American government acts in compliance with the Constitution and the law. It is also committed to principles of accountability and transparency in government, and it seeks to ensure that the

American public is informed about the conduct of its government in matters that affect civil liberties. Obtaining information about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and the public (in both its raw and analyzed forms) is a critical and substantial component of the ACLU's work and one of its primary activities. The ACLU is a "person" within the meaning of 5 U.S.C. § 551(2).

12.     Plaintiff American Civil Liberties Union Foundation is a separate § 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties.

13.     Defendants Central Intelligence Agency ("CIA"), Department of Defense ("DOD"), Department of Energy ("DOE"), Department of Homeland Security ("DHS"), Department of Justice ("DOJ"), Department of State ("DOS"), Department of the Treasury ("Treasury"), and Office of the Director of National Intelligence ("ODNI") are agencies within the meaning of 5 U.S.C. § 552(f)(1). The CIA Office of Inspector General ("CIA OIG") is a component of the CIA. The Defense Intelligence Agency ("DIA"), the Army, the Air Force, the Navy, the National Geospatial Intelligence Agency ("NGIA"), the National Reconnaissance Office ("NRO"), the National Security Agency ("NSA"), and the Marines are components of the DOD. The Coast Guard is a component of DHS. The Drug Enforcement Administration ("DEA"), the Federal Bureau of Investigation ("FBI"), the DOJ Office of Attorney General ("DOJ OAG"), the Office of Legal Counsel ("OLC"), and the DOJ National Security Division ("NSD") are components of the DOJ.

## Facts

14.     This complaint stems from FOIA requests that Plaintiffs filed on May 9, 2017

("Request 1"), [1] December 13, 2017 ("Request 2"),[2] and March 27, 2018 ("Request 3").[3]

### *Request 1*

15.     On May 9, 2017, Plaintiffs submitted Request 1 to the DOD (and its components

the Army and the NSA), the CIA, the DOJ (and its components the OAG, the OLC, the NSD,

and the FBI), the DOS, and the ODNI.

16.     Through Request 1, Plaintiffs sought the following records as they pertained to

certain individuals listed in the request:

1.  all correspondence between the government and any of the individuals
    listed below relating to the prepublication review *or* publication of
    material intended to be or actually published in their personal capacities;

2.  all inter- and intra-agency correspondence relating to the prepublication
    review or publication of material by any of the individuals listed below
    that was intended to be or actually was published by any of those
    individuals in their personal capacities;

3.  all records reflecting decisions—interim, final, and after appeal—related
    to the prepublication review of material published by any of the
    individuals listed below in their personal capacities.

17.     The individuals listed in Request 1 were: Michael Hayden, John Ashcroft, Jose

Rodriguez, John Rizzo, Leon Panetta, Robert Gates, Hillary Clinton, Donald Rumsfeld, Glenn

Carle, Jack Goldsmith, John Yoo, Ali Soufan, Ishmael Jones (pseudonym), Michael Morell, John

Kiriakou, Valerie Plame Wilson, George Tenet, T.J. Waters, Anthony Shaffer, Kevin Shipp,

John Nixon, and James Mitchell. Plaintiffs requested that the agencies prioritize the processing

---

[1] *See* Attach. A.

[2] *See* Attach. B.

[3] *See* Attach. C.

of records related to certain publications (enumerated in the request) authored by these individuals.

18.     Plaintiffs also sought expedited processing, pursuant to 5 U.S.C. § 552(a)(6)(E) given the "compelling need" for the records, as defined in 5 U.S.C. § 552(a)(6)(E)(v)(II), and the fact that Plaintiffs are organizations "primarily engaged in disseminating information" who seek to inform the public about actual or alleged government activity. *Id.*

19.     Plaintiffs sought a waiver of document search, review, and duplication fees on the grounds that the disclosure of the requested records is in the public interest and that disclosure is "likely to contribute significantly to the public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

20.     Plaintiffs also requested a waiver of search and review fees on the ground that they are "representative[s] of the news media" within the meaning of 5 U.S.C. § 552(a)(4)(A)(ii)(II).

21.     In addition, the Knight Institute requested a waiver of search and review fees because it is an "educational . . . institution" whose purpose includes "scholarly . . . research," within the meaning of 5 U.S.C. § 552(a)(4)(ii)(II).

<u>Agency Responses to Request 1</u>

*DOD*

22.     On May 12, 2017, the DOD acknowledged receipt of Request 1, assigning it the reference code 17-F-0917. It denied the request for expedited processing and placed the request in its "complex" processing track.

23.     To date, the DOD has neither communicated further with Plaintiffs nor released any records responsive to Request 1.

*Army*

24.     To date, the Army has not responded to Request 1 or produced any responsive records.

*NSA*

25.     On May 23, 2017, the NSA acknowledged receiving Request 1 on May 16, 2017, assigning it the reference number 101619. It denied the request for expedited processing.

26.     To date, the NSA has neither communicated further with Plaintiffs nor produced any responsive records.

*CIA*

27.     On May 15, 2017, the CIA acknowledged receipt of Request 1, assigning it the reference code F-2017-01688. It denied the request for expedited processing but granted fully the request for a waiver of fees. The CIA also stated: "[u]nless you object, we will limit our search to CIA-originated records."

28.     On May 22, 2017, Plaintiffs responded, objecting to the CIA's attempt to narrow the search and reiterating their request for "all records in the CIA's possession that are responsive to the request's terms."

29.     To date, the CIA has neither acknowledged Plaintiffs' response nor produced any records responsive to Request 1.

*DOJ*

30.     To date, the DOJ has not responded to Request 1 or produced any responsive records.

*OLC*

31.     On May 17, 2017, the OLC acknowledged receipt of Request 1. It denied the

request for expedited processing and placed Request 1 on a "complex" processing track.

32.     To date, the OLC has neither communicated further with Plaintiffs nor produced

any records responsive to Request 1.

*NSD*

33.     On June 22, 2017, the NSD acknowledged receipt of Request 1 on May 22, 2017,

assigning it the reference number 17-195.

34.     To date, the NSD has neither communicated further with Plaintiffs nor produced

any records responsive to Request 1.

*FBI*

35.     On May 24, 2017, the FBI acknowledged receipt of Request 1, assigning it the

reference number 1374296. It denied the request for expedited processing but granted the request

to waive search and review fees, acknowledging the Knight Institute's status as an

educational/news media institution pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II).

36.     On July 10, 2017, the FBI sent a letter stating that "1 page was reviewed and 1

page is being released" in response to Request 1. The letter stated that the one-page release,

comprising an undated letter from David M. Hardy to Ali Soufan about the FBI's review of the

manuscript for Soufan's book, *Black Banners*, "represents the final release of information

responsive to your Freedom of Information Act (FOIA) request." It also stated that "[i]t is

unnecessary to adjudicate your request for a fee waiver as this material is being provided to you

at no charge."

37.     On September 28, 2017, Plaintiffs appealed the FBI's adverse determination regarding Request 1, challenging the adequacy of the search for records. On October 5, 2017, the FBI acknowledged receipt of Plaintiff's administrative appeal and assigned the appeal the reference code DOJ-AP-2017-006900. It also affirmed the denial of Plaintiffs' request for expedited processing, stating that "[a]lthough your request concerns a federal government activity, you have not established that the requested records are a matter of current exigency to the American public, nor that delaying a response would compromise a significant recognized interest."

38.     On March 19, 2018, the FBI denied the remainder of Plaintiffs' appeal, stating that "the FBI's response was correct and it conducted an adequate, reasonable search for responsive records subject to the FOIA."

*DOS*

39.     On May 11, 2017, the DOS acknowledged receipt of Request 1 on May 10, 2017, assigning it the "Case Control Number" F-2017-11535. It denied the request for expedited processing but granted the request for a fee waiver in full.

40.     To date, the DOS has neither communicated further with Plaintiffs nor produced any records responsive to Request 1.

*ODNI*

41.     On May 19, 2017, the ODNI acknowledged receipt of Request 1, assigning it the reference code DF-2017-00275 and stating that it had "initiated searches." It denied the request for expedited processing but granted in full the request for a fee waiver.

42.     To date, the ODNI has neither communicated further with Plaintiffs nor produced any records responsive to Request 1.

*Request 2*

43.    On December 13, 2017, Plaintiffs submitted FOIA Request 2 to the CIA (and its

component the CIA OIG), the DOD (and its components the DIA, the Army, the Air Force, the

Navy, the NGIA, the NRO, the NSA, and the Marines), the DOE, the DHS (and its component

the Coast Guard), the DOJ (and its components the DEA and the FBI), the DOS, the Treasury,

and the ODNI.

44.    Through Request 2, Plaintiffs sought the release of the following records from all

of the agencies listed above:

1.  all non-disclosure agreements and other agreements, including templates
    or standard forms of such agreements, imposing prepublication review
    obligations on agency and/or former agency employees;

2.  all documents relating to administrative appeals filed from prepublication-
    review determinations, including but not limited to:

    a. administrative appeals;

    b. any correspondence or back-and-forth between an agency and an
       individual who filed an administrative appeal; and

    c. final decisions with respect to administrative appeals;

3.  all documents relating to any form of sanction imposed, or considered for
    imposition, on agency and/or former agency employees for failure to
    comply with their prepublication-review obligations.

45.    From the CIA and the CIA OIG, Plaintiffs also sought:

4.  all documents related to any investigation by the CIA or CIA OIG into the
    composition and practices of the Prepublication Review Board, including
    any final report.

46.    From the DHS, Plaintiffs also sought:

5.  all documents relating to consideration of proposed 'Directive 110-03,
    Review of Official DHS Information for Public Release' and 'Instruction
    110-03-001, Review of External Publications,' including the non-
    concurrences of the Office of Public Affairs and Domestic Nuclear
    Detention Office; and 6. all directives, instructions, policies, or guidance

relating to prepublication review approved after the cut-off date used by
DHS in relation to the FOIA request filed by the Requesters on March 3,
2016.

47.     From the ODNI, Plaintiffs also sought:

7. all IC-wide policies regarding prepublication review issued by the
Director of National Intelligence; and 8. all reports, memoranda, and
correspondence relating to the adequacy of IC information technology
efforts to improve and expedite prepublication review.

48.     Plaintiffs also sought expedited processing, pursuant to 5 U.S.C. § 552(a)(6)(E)

given the "compelling need" for the records, as defined in 5 U.S.C. § 552(a)(6)(E)(v)(II), and the

fact that Plaintiffs are organizations "primarily engaged in disseminating information" who seek

to inform the public about actual or alleged government activity. 5 U.S.C. § 552(a)(6)(E)(v)(II).

49.     Plaintiffs sought a waiver of document search, review, and duplication fees on the

grounds that the disclosure of the requested records is in the public interest and that disclosure is

"likely to contribute significantly to the public understanding of the operations or activities of the

government and is not primarily in the commercial interest of the requester." 5 U.S.C.

§ 552(a)(4)(A)(iii).

50.     Plaintiffs also requested a waiver of search and review fees on the ground that

they are "representative[s] of the news media" within the meaning of 5 U.S.C.

§ 552(a)(4)(A)(ii)(II).

51.     In addition, the Knight Institute requested a waiver of search and review fees

because it is an "educational . . . institution" whose purpose includes "scholarly . . . research,"

within the meaning of 5 U.S.C. § 552(a)(4)(ii)(II).

Agency Responses to Request 2

*Air Force*

52.     On January 18, 2018, the Air Force acknowledged receipt of Request 2 on December 27, 2017, assigning it the reference number 2018-01237-F. It also deferred a decision on the fees until it completed its review.

53.     To date, the Air Force has neither communicated further with Plaintiffs nor produced any records responsive to Request 2.

*Army*

54.     On December 26, 2017, the Army acknowledged receipt of Request 2, assigning it the case number FA-18-0382/FP-18-006667. It forwarded the request to two specific offices: the Office of the Administrative Assistant to the Secretary of the Army and the U.S. Army Intelligence and Security Command Freedom of Information/Privacy Office.

55.     On January 8, 2018, the Office of the Administrative Assistant to the Secretary of the Army responded and acknowledged Request 2, labeling it FA-18-0048.

56.     On January 8, 2018, Lisa Thomas, the Government Information Specialist for the Office of The Chief of Public Affairs, wrote in an email that her office received Request 2 on January 4, 2018. She further stated that her office "processes each request on a first-in, first-out basis."

57.     To date, the Army has neither communicated further with Plaintiffs nor produced any records responsive to Request 2.

*CIA*

58.     On December 20, 2017, the CIA acknowledged receipt of Request 2 on December

18, 2017, assigning it the reference code F-2018-00511. It denied the request for expedited

processing but granted the request for a fee waiver.

59.     On January 12, 2018, the CIA responded again, proposing specific modifications

to Items 1, 2, 3 and 4 listed in Request 2 and stating that it would hold Request 2 "in abeyance

for 45 days from the date of this letter pending your response to our proposed modifications."

60.     On January 24, 2018, Plaintiffs responded to the CIA. As to Item 1, Plaintiffs

accepted CIA's proposal to limit the request to "[a]ll non-disclosure agreement forms/templates"

that are "currently in use." But Plaintiffs rejected the additional limitation of "within the past

year." As to Item 2, Plaintiffs proposed that the "agency process the last year of responsive

records for now, subject to our right to ask that the agency process responsive records for

additional years."  As to Item 3, Plaintiffs proposed that "the agency process the last year of

responsive records now, subject to our right to ask that the agency process responsive records for

additional years."

61.     On February 2, 2018, the CIA acknowledged the Plaintiffs' January 24, 2018

response. The CIA stated that Plaintiffs had "accepted [the CIA's] proposals" in regard to Items

1, 2 and 3. It also stated that Plaintiffs had failed to respond to the CIA's proposed modification

to Item 4.

62.     On February 16, 2018, the Plaintiffs responded, objecting to the CIA's

characterization of the Plaintiffs' position as to Items 1, 2 and 3. The Plaintiffs also rejected the

CIA's proposal to narrow Item 4. Plaintiffs instead proposed narrowing Item 4 to: "a. Any

document, including the final report, related to the investigation begun by the CIA or CIA OIG

in or about May 2012 into the composition and practices of the Prepublication Review Board ('new item 4(a)'); b. Any document, including final report, related to any investigation by the CIA or CIA OIG into the composition and practices of the Prepublication Review Board within the last five years ('new item 4(b)')."

63.     To date, the CIA has neither communicated further with Plaintiffs nor produced any records responsive to Request 2.

*Coast Guard*

64.     On December 21, 2017, the Coast Guard acknowledged receipt of Request 2 on December 19, assigning it the reference code 2018-CGFO-00605.

65.     To date, the Coast Guard has neither communicated further with Plaintiffs nor produced any records responsive to Request 2.

*DEA*

66.     On December 21, 2017, the DEA acknowledged the receipt of Request 2, assigning it the reference number 18-00207-F and processing it on the timetable for "complex" requests. It also determined that the Request 2 was being made by a "representative of the news media" and thus search fees would be waived.

67.     On February 12, 2018, the DEA provided its final response, releasing two pages of information "responsive to [Plaintiffs'] request." Specifically, those pages comprised Standard Form 312, "Classified Information Nondisclosure Agreement."

68.     On April 11, 2018, Plaintiffs timely filed an appeal, arguing that the DEA's response was inadequate and that "[i]t is very likely that the DEA possesses other records responsive to the Request given that 28 C.F.R. § 17.18 establishes that all DEA employees have

prepublication review obligations, and that adverse prepublication review determination[s] may

be administratively appealed."

69.     To date, DEA has not corresponded further with Plaintiffs and has not issued any

decision regarding the appeal.

*DHS*

70.     On December 20, 2017, DHS acknowledged Request 2, assigning it the reference

code 2018-HQFO-00393 and denying the request for expedited processing. DHS also

conditionally granted the request for a fee waiver, stating more specifically: "DHS will . . .

provide two hours of search time and process the first 100 pages at no charge to you. If upon

review of these documents, DHS determines that the disclosure of the information contained in

those documents does not meet the factors permitting DHS to waive the fees, then DHS will at

that time either deny your request for a fee waiver entirely, or will allow for a percentage

reduction in the amount of the fees corresponding to the amount of relevant material found that

meets the factors allowing for a fee waiver."

71.     On December 19, 2017, DHS acknowledged the receipt of Request 2 and sought

clarification concerning its scope.

72.     On December 21, 2017, Plaintiffs discussed Request 2 on the phone with Maura

Busch from DHS. On that call, first, DHS agreed to prioritize the processing of templates and

standard forms. Second, the parties discussed the timeframes for Items 2 and 3 of Request 2,

with Plaintiffs agreeing to some proposed modifications—while reserving the right to ask for

additional time periods contingent on DHS's production. Third, the parties discussed Items 5 and

6, with DHS not raising any concerns.

73.     To date, DHS has not communicated further nor produced any documents responsive to Request 2.

*DIA*

74.     On December 29, 2017, DIA acknowledged receipt of Request 2 on December 19, 2017. It also denied the request for expedited processing.

75.     To date, the DIA has neither communicated further with Plaintiffs nor produced any records responsive to Request 2.

*DOD*

76.     On December 22, 2017, DOD acknowledged receipt of Request 2 on December 19, 2017, assigning it the reference code 18-F-0334. DOD noted that "[t]here is no central FOIA processing point for records for the entire [DOD]" and thus requested that, as to item 1 of Request 2, Plaintiffs identify the specific "OSD/JS components" within DOD that they "believe may have the information" they seek.

77.     In their December 22, 2017 response, DOD denied the request for expedited review. It also noted the "unusual circumstances" of the request, "which impact our ability to quickly process your request." DOD placed the request in its "complex processing queue."

78.     In response to the December 22, 2017 letter, Plaintiffs, on January 24, 2018, emailed to DOD a list of OSD/JS components to be tasked with the request.

79.     To date, the DOD has neither responded to Plaintiffs' letter nor produced any records responsive to Request 2.

*DOE*

80.     On December 20, 2017, DOE acknowledged the receipt of Request 2, assigning it the reference code HQ-2018-00407-F.

81.    On January 4, 2018, DOE denied the request for expedited processing. It granted educational requestor status. Separately, DOE also granted a full fee waiver.

82.    On January 31, 2018, DOE responded again, explaining its determination that Request 2 fell under the jurisdiction of DOE's National Nuclear Security Administration ("NNSA") and its decision to forward the Request to that entity.

83.    On February 8, 2018, the NNSA acknowledged the receipt of Request 2. It stated that it was deferring a determination on a fee waiver.

84.    To date, the DOE has neither communicated further with Plaintiffs nor produced any records responsive to Request 2.

*DOJ*

85.    To date, the DOJ has neither communicated with Plaintiffs nor produced any records responsive to Request 2.

*DOS*

86.    On December 26, 2017, DOS acknowledged the receipt of Request 2 on December 19, 2017, assigning it the reference code F-2017-17836. It also denied the request for expedited processing and deferred consideration of the request for a full fee waiver until it determined whether disclosure of any responsive records would be in the public interest.

87.    To date, the DOS has neither communicated with Plaintiffs nor produced any records responsive to Request 2.

*Treasury*

88.    To date, the Treasury has neither communicated with Plaintiffs nor produced any records responsive to Request 2.

*FBI*

89.     On December 27, 2017, the FBI acknowledged the receipt of Request 2, assigning item 1 from Request 2 the reference number 1391977-000; assigning item 2 from Request 2 the reference NFP-86883; and assigning item 3 from Request 2 the number 1391980-000. As to 1391977-000, the FBI deferred consideration of the fee waiver. It also denied the request for expedited processing. As to NFP-86883, the FBI determined that the request was "overly broad" and requested that Plaintiffs "provide a more narrowed and specific request." As to 1391980-000, the FBI deferred consideration of the fee waiver. It also concluded that "unusual circumstances" applied to the request. Finally, it denied the request for an expedited review.

90.     On January 25, 2018, Plaintiffs responded, narrowing NFP-86883 (Item 2) to "a. all administrative appeals filed from prepublication-review determinations; b. any correspondence or back-and-forth between an agency and an individual who filed an administrative appeal; and c. final decisions with respect to administrative appeals."

91.     On February 2, 2018, the FBI responded again to Item 2, labeling it "All Administrative Appeals Filed From Prepublication Review Determinations" and giving it the number 1394628-000.

92.     On February 16, 2018, the FBI responded again, stating that Plaintiffs' January 25, 2018 letter does not contain enough descriptive information to permit a search of our records." The FBI further requested that Plaintiffs "provide . . . more specific information."

93.     On March 27, 2018, Plaintiffs responded to the FBI, stating that they would "further narrow Item 2 to: a. all administrative appeals filed within the past 10 years; b. any correspondence or back-and-forth between an agency within the past year and an individual who

filed an administrative appeal; c. final decisions with respect to administrative appeals filed within the past 10 years."

94.     On April 12, 2018, the FBI responded to 1391980-000, item 3 of Request 2, releasing two pages of documents, with redactions, in what the FBI described was the "final release of information responsive to your Freedom of Information Act (FOIA) request."

95.     On April 13, 2018, the FBI responded again, stating that item 2 of Request 2, now identified with number 1394628-001, had been received for processing. The FBI further stated that it would grant educational/news media status.

96.     On May 2, 2018, Plaintiffs responded to the April 12, 2018 letter from the FBI, contesting the redactions that the FBI made in its two-page release.

97.     To date, the FBI has not responded further.

*Marine Corps*

98.     On January 8, 2018, the Marine Corps acknowledged the receipt of Request 2 on December 27, 2017, assigning it the reference DON-USMC-2018-002646.

99.     On January 29, 2018, the Marine Corps denied the request for expedited processing. As to the fee waiver, the Marine Corps stated: "since there are no fees associated with the processing of your request, this is moot. We categorized you as an 'educational' requester." The Marine Corps also determined that it had "no records responsive to [Plaintiffs'] request" and suggested that Plaintiffs contact a different office within DOD.

100.    On January 29, 2018, by email, Plaintiffs sought clarification regarding the Marine Corps' advice.

101.    On April 11, 2018, having received no response from the Marine Corps, Plaintiffs

filed an administrative appeal of the Marine Corps' determination that it did not possess records

responsive to the Request.

102.    To date, the Marine Corps has not resolved the pending appeal.

*Navy*

103.    To date, the Navy has neither communicated with Plaintiffs nor produced any

records responsive to Request 2.

*NGA*

104.    On January 24, 2018, NGA informed Plaintiffs that "NGA does not have records

responsive to" the request.

105.    On February 16, 2018, Plaintiffs appealed this adverse determination.

106.    To date, NGA has not responded to Plaintiffs' appeal.

*NRO*

107.    On January 2, 2018, the NRO acknowledged the receipt of Request 2, assigning it

the reference code F-2018-00017. It further stated that after a "thorough search" of its "records

and databases," it located, with respect to item 1 of Request 2, two documents that were

responsive. With respect to items 2 and 3, however, the NRO "located no records responsive to

your request."

108.    On March 29, 2018, Plaintiffs appealed this decision.

109.    On April 12, 2018, the NRO acknowledged the receipt of Plaintiffs' appeal,

characterizing it as responsive to items 2 and 3 of Request 2 but not item 1.

110.    On April 23, 2018, the NRO Appellate Authority "uph[eld] the NRO's initial

determination that no responsive records were located" in response to items 2 and 3. It included

Prepublication Review Instruction 56-2-2, which, it stated, "governs the NRO prepublication review process" and "contains no provision for administrative appeals of prepublication review determinations. Accordingly, no administrative appeal records exist." It also stated that "[a] second thorough search of our records and databases was performed for any records relating to item 3; no records were located."

*NSA*

111.    On January 11, 2018, the NSA acknowledged the receipt of Request 2 on December 19, 2017, assigning it the reference number 103233. It denied the request for expedited processing but granted the request for a fee waiver. As to item 1 of Request 2, the NSA "enclosed [8 pages of] responsive records."

112.    To date, the NSA has neither communicated further with Plaintiffs nor produced any records responsive to Request 2.

*ODNI*

113.    To date, the ODNI has neither communicated with Plaintiffs nor produced any records responsive to Request 2.

**Request 3**

114.    On March 27, 2018, Plaintiffs submitted FOIA Request 3 to the DOJ and its components the NSD and the FBI.

115.    Through Request 3, Plaintiffs sought the following records:

1.  all correspondence between the government and Mr. [James] Comey or his representatives relating to the prepublication review *or* publication of Mr. Comey's memoir, *A Higher Loyalty*;

2.  all inter- and intra-agency correspondence relating to the prepublication review or publication of *A Higher Loyalty*;

3.  all documents reflecting decisions—interim, final, and after appeal— related to the prepublication review of *A Higher Loyalty*.

116.    Plaintiffs also sought expedited processing, pursuant to 5 U.S.C. § 552(a)(6)(E) given the "compelling need" for the documents, as defined in 5 U.S.C. § 552(a)(6)(E)(v)(II), and the fact that Plaintiffs are organizations "primarily engaged in disseminating information" who seek to inform the public about actual or alleged government activity.  5 U.S.C. § 552(a)(6)(E)(v)(II).

117.    Plaintiffs sought a waiver of document search, review, and duplication fees on the grounds that the disclosure of the requested records is in the public interest and that disclosure is "likely to contribute significantly to the public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

118.    Plaintiffs also requested a waiver of search and review fees on the ground that they are "representative[s] of the news media" within the meaning of 5 U.S.C. § 552(a)(4)(A)(ii)(II).

119.    In addition, the Knight Institute requested a waiver of search and review fees because it is an "educational . . . institution" whose purpose includes "scholarly . . . research," within the meaning of 5 U.S.C. § 552(a)(4)(ii)(II).

<u>Agency Responses to Request 3</u>

*FBI*

120.    On April 12, 2018, the FBI acknowledged receipt of Request 3, assigning it the request number 1401068-000 and denying Plaintiffs' request for expedited processing, stating that Plaintiffs failed to "provide[] enough information concerning the statutory requirements for expedition[.]"

121.    To date, the FBI has not responded further or provided any records responsive to the request.

*NSD*

122.    To date, the NSD has not responded in any way to Request 3.

*DOJ*

123.    To date, the DOJ has not responded in any way to Request 3.

## Causes of Action

### Request 1

124.    Defendants DOD, Army, NSA, CIA, DOJ, OLC, NSD, FBI, DOS, and ODNI have violated FOIA, 5 U.S.C. § 552(a)(3)(A), and their corresponding regulations by failing to promptly make available the records sought by Request 1.

125.    Defendants DOD, Army, NSA, CIA, DOJ, OLC, NSD, FBI, DOS, and ODNI have violated FOIA, 5 U.S.C. § 552(a)(3)(C), (D), and their corresponding regulations by failing to conduct an adequate search for records responsive to Request 1.

126.    Defendants DOD, Army, NSA, CIA, DOJ, OLC, NSD, FBI, DOS, and ODNI have violated FOIA, 5 U.S.C. § 552(a)(6)(E), and their corresponding regulations by failing to grant Plaintiffs' request for expedited processing.

127.    Defendants DOD, Army, NSA, DOJ, OLC, NSD, and FBI have violated FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and their corresponding regulations by denying Plaintiffs' request for a fee waiver.

128.    Defendants DOD, Army, NSA, DOJ, OLC, and NSD have violated FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), and their corresponding regulations by denying Plaintiffs' request for a limitation of fees.

<u>Request 2</u>

129.   Defendants Air Force, Army, CIA, Coast Guard, DEA, DHS, DIA, DOD, DOE, DOJ, DOS, Treasury, FBI, Marines, Navy, NGA, NRO, NSA, and ODNI have violated FOIA, 5 U.S.C. § 552(a)(3)(A), and their corresponding regulations by failing to promptly make available the records sought by Request 2.

130.   Defendants Air Force, Army, CIA, Coast Guard, DEA, DHS, DIA, DOD, DOE, DOJ, DOS, Treasury, FBI, Marines, Navy, NGA, NRO, NSA, and ODNI have violated FOIA, 5 U.S.C. § 552(a)(3)(C), (D), and their corresponding regulations by failing to conduct an adequate search for records responsive to Request 2.

131.   Defendants Air Force, Army, CIA, Coast Guard, DEA, DHS, DIA, DOD, DOE, DOJ, DOS, Treasury, FBI, Marines, Navy, NSA, and ODNI have violated FOIA, 5 U.S.C. § 552(a)(6)(E), and their corresponding regulations by failing to grant Plaintiffs' request for expedited processing.

132.   Defendants Air Force, Army, Coast Guard, DEA, DHS, DIA, DOD, DOE, DOJ, DOS, Treasury, FBI, Navy, and ODNI have violated FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and their corresponding regulations by denying Plaintiffs' request for a fee waiver.

133.   Defendants Air Force, Army, Coast Guard, DHS, DIA, DOD, DOE, DOJ, DOS, Treasury, FBI, Navy, and ODNI have violated FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), and their corresponding regulations by denying Plaintiffs' request for a limitation of fees.

134.   Defendants DEA, Marine Corps, NGA, and NRO have violated FOIA, 5 U.S.C. § 552(a)(6)(A)(ii), and their corresponding regulations by failing to timely respond to Plaintiffs' administrative appeals.

<u>Request 3</u>

135.    Defendants DOJ, FBI and NSD have violated FOIA, 5 U.S.C. § 552(a)(3)(A), and their corresponding regulations by failing to promptly make available the records sought by Request 3.

136.    Defendants DOJ, FBI and NSD have violated FOIA, 5 U.S.C. § 552(a)(3)(C), (D), and their corresponding regulations by failing to conduct an adequate search for records responsive to Request 3.

137.    Defendants DOJ, FBI and NSD have violated FOIA, 5 U.S.C. § 552(a)(6)(E), and their corresponding regulations by failing to grant Plaintiffs' request for expedited processing.

138.    Defendants DOJ, FBI and NSD have violated FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and their corresponding regulations by denying Plaintiffs' request for a fee waiver.

139.    Defendants DOJ, FBI and NSD have violated FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), and their corresponding regulations by denying Plaintiffs' request for a limitation of fees.

**Prayer for Relief**

WHEREFORE, Plaintiffs respectfully requests that this Court:

1.    Order Defendants to conduct a thorough search for responsive records;

2.    Order Defendants to immediately process and release any responsive records or justify their withholdings with reference to FOIA exemptions;

3.    Enjoin Defendants from charging Plaintiffs search, review, or duplication fees in connection with the requests;

4.    Order Defendants to disclose any wrongfully withheld records;

5.    Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

6.      Grant such other relief as the Court may deem just and proper.


Respectfully submitted,

  /s/ Jameel Jaffer
_____
Jameel Jaffer (MI0067)
Alex Abdo
Greg Margolis (application for bar admission
    pending)
Ramya Krishnan (application for bar admission
    pending)
Knight First Amendment Institute
    at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
jameel.jaffer@knightcolumbia.org

Brett Max Kaufman (NY0224)
Vera Eidelman
American Civil Liberties Union
125 Broad Street—18th Floor
New York, NY 10004
(212) 549-2500

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union of the District
    of Columbia
915 15th St., NW, 2nd Floor
Washington, DC 20005
(202) 457-0800
aspitzer@aclu.org

*Counsel for the plaintiffs*

May 11, 2018