# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY, *et al.* | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 18-cv-1129 (EGS) |
| v. | ) ) | |
| DEPARTMENT OF DEFENSE, *et al.* | ) ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

Without waiving any defenses or objections, and in response to the numbered paragraphs in the Complaint of Plaintiffs Knight First Amendment Institute at Columbia University, American Civil Liberties Union, and American Civil Liberties Union Foundation (collectively, "Plaintiffs"), Defendants Department of Defense ("DOD"), Department of the Army ("Army"), Central Intelligence Agency ("CIA"), Department of Justice ("DOJ"), DOJ, Office of Legal Counsel ("DOJ-OLC"), DOJ, National Security Division ("DOJ-NSD"), Federal Bureau of Investigation ("DOJ-FBI")[1], Department of State ("State")[2], Office of the Director of National Intelligence ("ODNI"), Department of the Air Force ("Air Force"), United States Coast Guard ("Coast Guard"), Drug Enforcement Administration ("DEA"), Department of Homeland Security ("DHS"), Defense Intelligence Agency ("DIA"), Department of Energy ("DOE"), Department of the

---

[1] While the Complaint lists OLC, NSD, and FBI as separate defendant entities, DOJ is the appropriate Defendant, and these listed components are its subparts.

[2] Although Plaintiffs' Complaint refers to Defendant State as "DOS," Defendants will refer to the Department of State as "State" throughout this Answer.

Treasury ("Treasury"), Marine Corps, Department of the Navy ("Navy"), National Geospatial-Intelligence Agency ("NGIA"), National Reconnaissance Office ("NRO"), and National Security Agency ("NSA") (collectively "Defendants") answer as follows:

1.      This paragraph contains Plaintiffs' characterization of their lawsuit to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

2.      This paragraph does not set forth a claim for relief or facts in support of claim to which a response is required.  To the extent that a response is required, Defendants deny the allegations.

3.      This paragraph does not set forth a claim for relief or facts in support of claim to which a response is required.  To the extent that a response is required, Defendants deny the allegations.

4.      This paragraph does not set forth a claim for relief or facts in support of claim to which a response is required.  To the extent that a response is required, Defendants deny the allegations.

5.      This paragraph does not set forth a claim for relief or facts in support of claim to which a response is required.  To the extent that a response is required, Defendants deny the allegations.

6.      This paragraph contains Plaintiffs' characterization of this lawsuit and the Complaint filed in *American Civil Liberties Union v. CIA*, No. 1:116-cv-01256 (D.D.C. 2016), to which no response is required.  To the extent that a response is required, Defendants admit that Plaintiffs have submitted FOIA requests seeking disclosure of certain prepublication review records and deny the remaining allegations.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## Jurisdiction and Venue

8.      This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants admit the allegations.

9.      This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants admit the allegations.

## Parties

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13.     Defendants admit that CIA, DOD, DOE, DHS, DOJ, State, Treasury, and ODNI are agencies of the Executive Branch of the United States government.   The remainder of the first sentence of this paragraph is a legal conclusion to which no response is required.   To the extent that a response is required, Defendants respectfully refer the Court to 5 U.S.C. § 552(f)(1) for a full and accurate statement of its content.   Defendants admit the second, third, and fourth sentences of this paragraph.   With respect to the allegations in the fifth sentence, Defendants admit that Defendants DOJ-OLC, DOJ-DEA, DOJ-NSD, and DOJ-FBI are components of DOJ but deny that DOJ-OLC, DOJ-DEA, DOJ-NSD, and DOJ-FBI are "agencies" within the meaning of FOIA, 5 U.S.C. § 552(f)(1)

and therefore are not proper party defendants.  Defendants admit the remaining allegations in the fifth sentence.

## Facts

14.     This paragraph contains Plaintiffs' characterization of the Complaint to which no response is required.  To the extent that a response is required, Defendants respectfully refer the Court to the three FOIA requests that are Attachments A, B, and C to Plaintiffs' Complaint for a full and accurate statement of their content.

### *Request 1*

15.     Defendants DOJ-FBI and DOJ-OLC deny that Plaintiffs submitted Request 1 to Defendants DOJ-FBI and DOJ-OLC on May 9, 2017.  Defendants DOJ-FBI and DOJ-OLC admit the remaining allegations in this paragraph. Defendant DOJ OAG denies the allegations in this paragraph only insofar as Plaintiffs' FOIA request was submitted to the Office of Information Policy ("OIP"), which processes initial FOIA requests on behalf of DOJ OAG.

16.     This paragraph contains Plaintiffs' characterization of Request 1 to which no response is required.  To the extent that a response is required, Defendants respectfully refer the Court to Request 1 for a full and accurate statement of its content.

17.     This paragraph contains Plaintiffs' characterization of Request 1 to which no response is required.  To the extent that a response is required, Defendants respectfully refer the Court to Request 1 for a full and accurate statement of its content.

18.     This paragraph contains Plaintiffs' characterization of Request 1 and conclusions of law to which no response is required.  To the extent that a response is

required, Defendants respectfully refer the Court to Request 1, 5 U.S.C. § 552(a)(6)(E), and 5 U.S.C. § 552(a)(6)(E)(v)(II) for a full and accurate statement of their content.

19.     This paragraph contains Plaintiffs' characterization of Request 1 and conclusions of law to which no response is required.  To the extent that a response is required, Defendants respectfully refer the Court to Request 1 and 5 U.S.C. § 552(a)(4)(A)(iii) for a full and accurate statement of their content.

20.     This paragraph contains Plaintiffs' characterization of Request 1 and conclusions of law to which no response is required.  To the extent that a response is required, Defendants respectfully refer the Court to Request 1 and 5 U.S.C. § 552(a)(4)(A)(ii)(II) for a full and accurate statement of their content.

21.     This paragraph contains Plaintiffs' characterization of Request 1 and conclusions of law to which no response is required.  To the extent that a response is required, Defendants respectfully refer the Court to Request 1 and 5 U.S.C. § 552(a)(4)(ii)(II) for a full and accurate statement of their content.

<u>Agency Responses to Request 1</u>

*DOD*

22.     Defendant DOD admit the allegations in this paragraph.

23.     Defendant DOD admit the allegations in this paragraph.

*Army*

24.     Defendant Army admits the allegations in this paragraph and further answers that it has no record of receiving Request 1.

*NSA*

25.     Defendant NSA admits that it acknowledged receipt of Request 1 by letter dated May 23, 2017.   The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant NSA's May 23, 2017 letter to which no response is required. To the extent that a response is required, Defendant NSA respectfully refers the Court to Defendant NSA's May 23, 2017 letter for a full and accurate statement of its content.

26.     Defendant NSA admits the allegations in this paragraph.

*CIA*

27.     Defendant CIA admits that it acknowledged receipt of Request 1 by letter dated May 15, 2017.   The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant CIA's May 15, 2017 letter to which no response is required. To the extent that a response is required, Defendant CIA respectfully refers the Court to Defendant CIA's May 15, 2017 letter for a full and accurate statement of its content.

28.     Defendant CIA admits that by letter dated May 22, 2017, Plaintiffs responded to Defendant CIA's May 15, 2017.  The remaining allegations in this paragraph contain Plaintiffs' characterization of their May 22, 2017 letter to which no response is required.  To the extent that a response is required, Defendant CIA respectfully refers the Court to Plaintiffs' May 22, 2017 letter for a full and accurate statement of its content.

29.     Defendant CIA denies the allegations in this paragraph.

*DOJ*

30.     Defendant DOJ denies that it has not responded to Request 1, avers that OIP, the DOJ component responsible for handling FOIA requests on behalf of OAG,

6

responded to Request 1 by letter dated May 19, 2017, and respectfully refers the Court to

OIP's May 19, 2017 letter for a full and accurate statement of its content.

*OLC*

31.     Defendant DOJ-OLC admits that it acknowledged receipt of Request 1.  The

remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant

DOJ-OLC's May 17, 2017 letter to which no response is required.  To the extent that a

response is required, Defendant DOJ-OLC respectfully refers the Court to Defendant DOJ-

OLC's May 17, 2017 letter for a full and accurate statement of its content.

32.     Defendant DOJ-OLC denies that it has not communicated with Plaintiffs.

Defendant DOJ-OLC admits the remaining allegations in this paragraph.

*NSD*

33.     Defendant DOJ-NSD admits that it acknowledged receipt of Request 1 by

letter dated May 22, 2017.  The remaining allegations in this paragraph contain Plaintiffs'

characterization of Defendant DOJ-NSD's May 22, 2017 letter to which no response is

required.  To the extent that a response is required, Defendant NSD respectfully refers the

Court to Defendant DOJ-NSD's May 22, 2017 letter for a full and accurate statement of its

content.

34.     Defendant DOJ-NSD admits the allegations in this paragraph.

*FBI*

35.     Defendant DOJ-FBI admits that it acknowledged receipt of Request 1.  The

remaining allegations in this first sentence of this paragraph contain Plaintiffs'

characterization of Defendant DOJ-FBI's May 24, 2017 letter to which no response is

required.  To the extent that a response is required, Defendant DOJ-FBI respectfully refers

the Court to Defendant DOJ-FBI's May 24, 2017 letter for a full and accurate statement of

its content.  Defendant DOJ-FBI admits that by a separate letter it denied Plaintiffs' request

for expedited treatment.  The remaining allegations in the second sentence of this paragraph

contain Plaintiffs' characterization of Defendant DOJ-FBI's May 24, 2017 letter to which

no response is required.  To the extent that a response is required, Defendants respectfully

refer the Court to Defendant DOJ-FBI's May 24, 2017 letter for a full and accurate

statement of its content.

36.     Defendant DOJ-FBI admits that it sent a letter to Plaintiffs dated July 10,

2017.  The remaining allegations in this paragraph contain Plaintiffs' characterization of

the Defendant DOJ-FBI's July 10, 2017 letter to which no response is required.  To the

extent that a response is required, Defendant DOJ-FBI respectfully refers the Court to

Defendant DOJ-FBI's July 10, 2017 letter for a full and accurate statement of its content.

37.     Defendant DOJ-FBI admits that by a September 28, 2017 letter, Plaintiffs

appealed Defendant DOJ-FBI's decision to OIP.  The remaining allegations in the first

sentence of this paragraph contain Plaintiffs' characterization of the September 28, 2017

letter to which no response is required.  To the extent that a response is required, Defendant

DOJ-FBI respectfully refers the Court to Plaintiffs' September 28, 2017 letter for a full and

accurate statement of its content.

38.     Defendant DOJ-FBI admits that a letter dated March 19, 2018 was sent to

Plaintiffs denying the remainder of Plaintiffs' appeal.  Defendant further answers that OIP

issued the March 19, 2018 letter to Plaintiffs. The remaining allegations in this paragraph

contain Plaintiffs' characterization of OIP's March 19, 2018 letter to which no response is

required.  To the extent that a response is required, Defendant DOJ-FBI respectfully refers the Court to OIP's March 19, 2018 letter for a full and accurate statement of its content.

*DOS*

39.     Defendant State admits that it acknowledged receipt of Request 1 by letter dated May 11, 2017.  The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant State's May 11, 2017 letter to which no response is required. To the extent that a response is required, Defendant State respectfully refers the Court to Defendant State's May 11, 2017 letter for a full and accurate statement of its content.

40.     Defendant State admits the allegations in this paragraph.

*ODNI*

41.     Defendant ODNI admits that it acknowledged receipt of Request 1 by letter dated May 19, 2017. The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant ODNI's May 19, 2017 letter to which no response is required.  To the extent that a response is required, Defendant ODNI respectfully refers the Court to ODNI's May 19, 2017 letter for a full and accurate statement of its content.

42.     Defendant ODNI admits the allegations in this paragraph.

### Request 2

43.     Defendants admit the allegations in this paragraph except to the extent that, with respect to DOJ, Request 2 was submitted to Defendants DOJ-DEA and DOJ-FBI, as well as the Mail Referral Unit of DOJ's Justice Management Division ("MRU JMD"), which forwards FOIA requests to the DOJ component it determines is most likely to maintain the records being sought.  As a result of the submission to MRU JMD, Request 2

was forwarded to OIP, where it was received on December 13, 2017, on behalf of DOJ OAG.

44.    The allegations in this paragraph contain Plaintiffs' characterization of Request 2 to which no response is required.  To the extent that a response is required, Defendants deny the allegations and respectfully refer the Court to Request 2 for a full and accurate statement of its content.

45.    The allegations in this paragraph and subparagraph (4) contain Plaintiffs' characterization of Request 2 as submitted to Defendant CIA and the CIA OIG to which no response is required.  To the extent that a response is required, Defendants deny the allegations and respectfully refer the Court to Request 2 as submitted to Defendant CIA and the CIA OIG for a full and accurate statement of its content.

46.    The allegations in this paragraph and subparagraph (5) contain Plaintiffs' characterization of Request 2 as submitted to Defendant DHS to which no response is required.  To the extent that a response is required, Defendants deny the allegations and respectfully refer the Court to Request 2 as submitted to Defendant DHS for a full and accurate statement of its content.

47.    The allegations in this paragraph and subparagraph (7) contain Plaintiffs' characterization of Request 2 as submitted to Defendant ODNI to which no response is required.  To the extent that a response is required, Defendants deny the allegations and respectfully refer the Court to Request 2 as submitted to Defendant ODNI for a full and accurate statement of its content.

48.    The allegations in this paragraph contain Plaintiffs' characterization of Request 2 and conclusions of law to which no response is required.  To the extent that a

response is required, Defendants respectfully refer the Court to Request 2, 5 U.S.C. § 552(a)(6)(E), and 5 U.S.C. § 552(a)(6)(E)(v)(II) for a full and accurate statement of their content.

49.     The allegations in this paragraph contain Plaintiffs' characterization of Request 2 and conclusions of law to which no response is required.  To the extent that a response is required, Defendants respectfully refer the Court to Request 2 and 5 U.S.C. § 552(a)(4)(A)(ii)(II) for a full and accurate statement of their content.

50.     The allegations in this paragraph contain Plaintiffs' characterization of Request 2 and conclusions of law to which no response is required.  To the extent that a response is required, Defendants respectfully refer the Court to Request 2 and 5 U.S.C. § 552(a)(4)(ii)(II) for a full and accurate statement of their content.

51.     The allegations in this paragraph contain Plaintiffs' characterization of Request 2 and conclusions of law to which no response is required.  To the extent that a response is required, Defendants respectfully refer the Court to Request 2 ad 5 U.S.C. § 552(a)(4)(ii)(II) for a full and accurate statement of their content.

<u>Agency Responses to Request 2</u>

*Air Force*

52.     Defendant Air Force admits that it acknowledged receipt of Request 2 by letter dated January 18, 2018.  The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant Air Force's January 18, 2018 letter to which no response is required.  To the extent that a response is required, Defendant Air Force respectfully refers the Court to Defendant Air Force's January 18, 2018 letter for a full and accurate statement of its content.

53.     Defendant Air Force admits the allegations in this paragraph.

*Army*

54.     Defendant Army admits that it acknowledged receipt of Request 2 by letter dated December 26, 2017.  The remaining allegations contain Plaintiffs' characterization of the Department Army's December 26, 2017 letter to which no response is required.  To the extent that a response is required, Defendant Army respectfully refers the Court to Defendant Army's December 26, 2017 letter for a full and accurate statement of its content.

55.     Defendant Army admits that the Office of the Administrative Assistant to the Secretary of the Army acknowledged receipt of Request 2 by letter dated January 8, 2018.  The remaining allegations of this paragraph contain Plaintiffs' characterization of the Office of the Administrative Assistant to the Secretary of the Army's January 8, 2018 letter to which no response is required.  To the extent that a response is required, Defendant Army respectfully refers the Court to the Office of the Administrative Assistant to the Secretary of the Army's January 8, 2018 letter for a full and accurate statement of its content.

56.     Defendant Army admits that the Office of the Chief of Public Affairs acknowledged receipt of Request 2 by e-mail dated on January 8, 2018.  The remaining allegations in this paragraph contains Plaintiffs' characterization of the Office of the Chief of Public Affairs' January 8, 2018 e-mail to which no response is required.  To the extent that a response is required, Defendant Army respectfully refers the Court to the Office of the Chief of Public Affairs' January 8, 2018 e-mail for a full and accurate statement of its content.

57.     Defendant Army denies the allegations in this paragraph and further answers that Defendant Army sent "No Responsive Records" letter to Plaintiffs dated June 20, 2018.

<em>CIA</em>

58.     Defendant CIA admits that it acknowledged receipt of Request 2 by letter dated December 20, 2017.  The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant CIA's December 20, 2017 letter to which no response is required.  To the extent that a response is required, Defendant CIA respectfully refers the Court to Defendant CIA's December 20, 2017 letter for a full and accurate statement of its content.

59.     Defendant CIA admits that it sent a letter to Plaintiffs dated January 12, 2018, the subject of which was Request 2.  The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant CIA's January 12, 2018 letter to which no response is required.  To the extent that a response is required, Defendant CIA respectfully refers the Court to Defendant CIA's January 12, 2018 letter for a full and accurate statement of its content.

60.     Defendant CIA admits that Plaintiffs sent a letter to Defendant CIA dated January 24, 2018.  The remaining allegations contained in this paragraph contain Plaintiffs' characterization of Plaintiffs' January 24, 2018 letter to which no response is required.  To the extent that a response is required, Defendant CIA respectfully refers the Court to Plaintiffs' January 12, 2018 letter for a full and accurate statement of its content.

61.     Defendant CIA admits that by letter dated February 2, 2018, it acknowledged Plaintiffs' January 24, 2018 letter.  The remaining allegations contain

Plaintiffs' characterization of Defendant CIA's February 2, 2018 letter to which no response is required.  To the extent that a response is required, Defendant CIA respectfully refers the Court to Defendant CIA's February 2, 2018 letter for a full and accurate statement of its content.

62.     Defendant CIA admits that Plaintiffs sent a letter to Defendant CIA dated February 16, 2018.  The remaining allegations contain Plaintiffs' characterization of their February 16, 2018 letter to which no response is required.  To the extent that a response is required, Defendant CIA respectfully refers the Court to Plaintiffs' February 16, 2018 letter for a full and accurate statement of its content.

63.     Defendant CIA denies the allegations in this paragraph.

*Coast Guard*

64.     Defendant Coast Guard admits that it acknowledged receipt of Request 2 by letter dated December 21, 2017.  The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant Coast Guard's December 21, 2017 letter to which no response is required.  To the extent that a response is required, Defendant Coast Guard respectfully refers the Court to Defendant Coast Guard's December 21, 2017 letter for a full and accurate statement of its content.

65.     Defendant Coast Guard denies the allegations in this paragraph.

*DEA*

66.     Defendant DOJ-DEA admits that it acknowledged receipt of Request 2 by letter dated December 21, 2017.  The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant DOJ-DEA's December 21, 2017 letter to which no response is required.  To the extent that a response is required, Defendant DOJ-DEA

14

respectfully refers the Court to Defendant DOJ-DEA's December 21, 2017 letter for a full and accurate statement of its content.

67.     Defendant DOJ-DEA admits that it sent a final response to Plaintiffs by letter dated February 12, 2018.  The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant DOJ-DEA's February 12, 2018 letter to which no response is required.  To the extent that a response is required, Defendant DOJ-DEA respectfully refers the Court to Defendant DOJ-DEA's February 12, 2018 letter for a full and accurate statement of its content.

68.     Defendant DOJ-DEA admits that Plaintiffs filed an appeal with OIP by letter dated April 11, 2018.  The remaining allegations in this paragraph contain Plaintiffs' characterization of their April 11, 2018 letter to which no response is required.  To the extent that a response is required, Defendant DOJ-DEA respectfully refers the Court to Plaintiffs' April 11, 2018 letter for a full and accurate statement of its content.

69.     Defendant DOJ-DEA denies the allegations in this paragraph.

*DHS*

70.     Defendant DHS admits that it acknowledged receipt of Request 2 by letter dated December 20, 2017.  The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant DHS's December 20, 2017 letter to which no response is required.  To the extent that a response is required, Defendant DHS respectfully refers the Court to Defendant DHS's December 20, 2017 letter for a full and accurate statement of its content.

71.     Defendant DHS admits that it sent a letter dated December 19, 2017 to Plaintiffs' acknowledging receipt of Request 2.  The remaining allegations in this

paragraph contain Plaintiffs' characterization of Defendant DHS's December 19, 2017 letter to which no response is required.  To the extent that a response is required, Defendant DHS respectfully refers the Court to Defendant DHS's December 19, 2017 letter for a full and accurate statement of its content.

72.     Defendant DHS admits the allegations in this paragraph.

73.     Defendant DHS admits the allegations in this paragraph.

*DIA*

74.     Defendant DIA admits that it acknowledged receipt of Request 2 by letter dated December 29, 2017.  The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant DIA's December 29, 2017 letter to which no response is required.  To the extent that a response is required, Defendant DIA respectfully refers the Court to Defendant DIA's December 29, 2017 letter for a full and accurate statement of its content.

75.     Defendant DIA admits the allegations in this paragraph.

*DOD*

76.     Defendant DOD admits that it acknowledged receipt of Request 2 by letter dated December 22, 2017.  The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant DOD's December 22, 2017 letter to which no response is required.  To the extent that a response is required, Defendant DOD respectfully refers the Court to Defendant DOD's December 22, 2017 letter for a full and accurate statement of its content.

77.     Defendant DOD admits that it acknowledged receipt of Request 2 by letter dated December 22, 2017.  The remaining allegations in this paragraph contain Plaintiffs'

characterization of Defendant DOD's December 22, 2017 letter to which no response is required.  To the extent that a response is required, Defendant DOD respectfully refers the Court to Defendant DOD's December 22, 2017 letter for a full and accurate statement of its content.

78.     Defendant DOD admits that Plaintiffs sent a letter dated January 24, 2018, in response to Defendant DOD's December 22, 2017 letter.  The remaining allegations in this paragraph contain Plaintiffs' characterization of their January 24, 2018 letter to which no response is required.  To the extent that a response is required, Defendant DOD respectfully refers the Court to Plaintiffs' January 24, 2018 letter for a full and accurate statement of its content.

79.     Defendant DOD admits the allegations in this paragraph.

*DOE*

80.     Defendant DOE admits that it acknowledged receipt of Request 2 by letter dated December 20, 2017.  The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant DOE's December 20, 2017 letter to which no response is required.  To the extent that a response is required, Defendant DOE respectfully refers the Court to Defendant DOE's December 20, 2017 letter for a full and accurate statement of its content.

81.     Defendant DOE admits that it sent an interim response to Request 2 to Plaintiffs by letter dated January 4, 2018.  The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant DOE's January 4, 2018 letter to which no response is required.  To the extent that a response is required, Defendant DOE respectfully

refers the Court to Defendant DOE's January 4, 2018 letter for a full and accurate statement of its content.

82.     Defendant DOE admits that it sent an acknowledgment supplemental letter to Plaintiffs dated January 31, 2018.  The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant DOE's January 31, 2018 acknowledgement supplemental letter to which no response is required.  To the extent that a response is required, Defendant DOE respectfully refers the Court to Defendant DOE's January 31, 2018 acknowledgement supplemental letter for a full and accurate statement of its content.

83.     Defendant DOE admits that the National Nuclear Security Administration ("NNSA") acknowledged receipt of Request 2 by letter dated February 8, 2018.  The remaining allegations in this paragraph contain Plaintiffs' characterization of NNSA's February 8, 2018 letter to which no response is required.  To the extent that a response is required, Defendant DOE respectfully refers the Court to NNSA's February 8, 2018 letter for a full and accurate statement of its content.

84.     Defendant DOE denies the allegations in this paragraph.

*DOJ*

85.     Defendant DOJ denies that it has not responded to Request 2, avers that it responded to Request 2, including by letter from OIP dated January 11, 2018, and respectfully refers the Court to OIP's January 11, 2018 letter for a full and accurate statement of its content.  Defendant DOJ notes, however, that there may have been a typographical error in Plaintiffs' email address as written in the response letter.

*DOS*

86.     Defendant State admits that it acknowledged receipt of Request 2 by letter dated December 26, 2017.  The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant State's December 26, 2017 letter to which no response is required.  To the extent that a response is required, Defendant State respectfully refers the Court to Defendant State's December 26, 2017 letter for a full and accurate statement of its content.

87.     Defendant State admits the allegations in this paragraph.

*Treasury*

88.     Defendant Treasury denies the allegations in this paragraph.

*FBI*

89.     Defendant DOJ-FBI admits that it acknowledged receipt of Request 2 by letter dated December 27, 2017.  The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant DOJ-FBI's December 27, 2017 letter to which no response is required.  To the extent that a response is required, Defendant DOJ-FBI respectfully refers the Court to Defendant DOJ-FBI's December 27, 2017 letter for a full and accurate statement of its content.

90.     Defendant DOJ-FBI admits that Plaintiffs sent a January 25, 2018 letter in response to Defendant DOJ-FBI's December 27, 2018 letter.  The remaining allegations in this paragraph contain Plaintiffs' characterization of their January 25, 2018 letter to which no response is required.  To the extent that a response is required, Defendant DOJ-FBI respectfully refers the Court to Plaintiffs' January 25, 2018 letter for a full and accurate statement of its content.

91.     Defendant DOJ-FBI admits that it sent a February 2, 2018 letter in response to Plaintiffs' January 25, 2018 letter.  The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant DOJ-FBI's February 2, 2018 letter to which no response is required.  To the extent that a response is required, Defendant DOJ-FBI respectfully refers the Court to Defendant DOJ-FBI's February 2, 2018 letter for a full and accurate statement of its content.

92.     Defendant DOJ-FBI admits that in response to Request 2, it sent Plaintiffs a third letter dated February 16, 2018.  The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant DOJ-FBI's February 16, 2018 letter to which no response is required.  To the extent that a response is required, Defendant DOJ-FBI respectfully refers the Court to Defendant DOJ-FBI's February 16, 2018 letter for a full and accurate statement of its content.

93.     Defendant DOJ-FBI admits that Plaintiffs sent a letter dated March 27, 2018, in response to Defendant DOJ-FBI's February 16, 2018 letter.  The remaining allegations in this paragraph contain Plaintiffs' characterization of their March 27, 2018 letter to which no response is required.  To the extent that a response is required, Defendant DOJ-FBI respectfully refers the Court to Plaintiffs' March 27, 2018 letter for a full and accurate statement of its content.

94.     Defendant DOJ-FBI admits that by letter dated April 12, 2018, it released records responsive to Request 2.  The remaining allegations of this paragraph contain Plaintiffs' characterization of Defendant DOJ-FBI's April 12, 2018 letter to which no response is required.  To the extent that a response is required, Defendant DOJ-FBI

respectfully refers the Court to Defendant DOJ-FBI's April 12, 2018 letter for a full and accurate statement of its content.

95.     Defendant DOJ-FBI admits that by letter dated April 13, 2018, it released records responsive to Request 2.  The remaining allegations of this paragraph contain Plaintiffs' characterization of Defendant DOJ-FBI's April 13, 2018 letter to which no response is required.  To the extent that a response is required, Defendant DOJ-FBI respectfully refers the Court to Defendant DOJ-FBI's April 13, 2018 letter for a full and accurate statement of its content.

96.     Defendant DOJ-FBI admits that in response to Defendant DOJ-FBI's April 12, 2018, and April 13, 2018 letters, Plaintiffs sent a letter to Defendant DOJ-FBI dated May 2, 2018.   The remaining allegations of this paragraph contain Plaintiffs' characterization of their May 2, 2018 letter to which no response is required.  To the extent that a response is required, Defendant DOJ-FBI respectfully refers the Court to Plaintiffs' May 2, 2018 letter for a full and accurate statement of its content.

97.     Defendant DOJ-FBI denies the allegations in this paragraph insofar as it alleges that Defendant DOJ-FBI is the proper entity to respond to Plaintiffs' May 2, 2018 letter.

*Marine Corps*

98.     Defendant Marine Corps admits that it acknowledged receipt of Request 2 by letter dated January 8, 2018.  The remaining allegations in this paragraph contain Plaintiffs' characterization of Request 2 to which no response is required.  To the extent that a response is required, Defendant Marine Corps respectfully refers the Court to

Defendant Marine Corps' January 8, 2018 letter for a full and accurate statement of its content.

99.     Defendant Marine Corps admits that it sent a second letter to Plaintiffs dated January 29, 2018.    The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant Marine Corps' January 29, 2018 letter to which no response is required.  To the extent that a response is required, Defendant Marine Corps respectfully refers the Court to Defendant Marine Corps' January 29, 2018 letter for a full and accurate statement of its content.

100.    Defendant Marine Corps denies the allegations in this paragraph.

101.    Defendant Marine Corps admits the allegations in this paragraph.

102.    Defendant Marine Corps denies the allegations in this paragraph.

*Navy*

103.    Defendant Navy denies the allegations in this paragraph.

*NGA*

104.    Defendant NGA admits the allegations in this paragraph.

105.    Defendant NGA admits the allegations in this paragraph.

106.    Defendant NGA admits the allegations in this paragraph.

*NRO*

107.    Defendant NRO admits that it acknowledged receipt of Request 2 by letter dated January 2, 2018.  The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant NRO's January 2, 2018 letter to which no response is required.  To the extent that a response is required, Defendant NRO respectfully refers the

Court to Defendant NRO's January 2, 2018 letter for a full and accurate statement of it content.

108.    Defendant NRO admits the allegations in this paragraph.

109.    Defendant NRO admits that it acknowledged Plaintiffs' March 29, 2018 appeal of Request 2 by letter dated April 12, 2018.  The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant NRO's April 12, 2018 letter to which no response is required.  To the extent that a response is required, Defendant NRO respectfully refers the Court to Defendant NRO's April 12, 2018 letter for a full and accurate statement of its content.

110.    Defendant NRO admits that it sent a determination of Plaintiffs' March 29, 2018 appeal by letter dated April 23, 2018.  The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant NRO's April 23, 2018 letter to which no response is required.  To the extent that a response is required, Defendant NRO respectfully refers the Court to Defendant NRO's April 23, 2018 letter for a full and accurate statement of its content.

*NSA*

111.    Defendant NSA admits that it acknowledged receipt of Request 2 by letter dated January 11, 2018.  The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant NSA's January 11, 2018 letter to which no response is required.  To the extent that a response is required, Defendant NSA respectfully refers the Court to Defendant NSA's January 11, 2018 letter for a full and accurate statement of its content.

112.    Defendant NSA admits the allegations in this paragraph.

*ODNI*

113.     Defendant ODNI admits the allegations in this paragraph.

### *Request 3*

114.     Defendants DOJ admits that Request 3 was submitted to Defendants DOJ-FBI and DOJ-NSD, as well as the JMD MRU.  Defendant DOJ avers that the JMD MRU determined that Defendants DOJ-FBI and DOJ-NSD were the components most likely to maintain the records sought.  Because Plaintiffs had already directed their Request 3 to Defendants DOJ-FBI and DOJ-NSD, the JMU MRU did not forward Request 3 to any additional DOJ components.

115.     This paragraph contains Plaintiffs' characterization of Request 3 to which no response is required.  To the extent that a response is required, Defendants DOJ-NSD and DOJ- FBI deny the allegations and respectfully refer the Court to Request 3 for a full and accurate statement of its content.

116.     This paragraph contains Plaintiffs' characterization of Request 3 and conclusions of law to which no response is required.  To the extent that a response is required, Defendants DOJ-NSD and DOJ-FBI deny the allegations and respectfully refer the Court to Request 3, 5 U.S.C. § 552(a)(6)(E), and 5 U.S.C. § 552(a)(6)(E)(v)(II) for a full and accurate statement of their content.

117.     This paragraph contains Plaintiffs' characterization of Request 3 and conclusions of law to which no response is required.  To the extent that a response is required, Defendants DOJ-NSD and DOJ-FBI deny the allegations and respectfully refer the Court to Request 3 and 5 U.S.C. § 552(a)(4)(A)(iii) for a full and accurate statement of their content.

118.     This paragraph contains Plaintiffs' characterization of Request 3 and conclusions of law to which no response is required.  To the extent that a response is required, Defendants DOJ-NSD and DOJ-FBI deny the allegations and respectfully refer the Court to Request 3 and 5 U.S.C. § 552(a)(4)(A)(ii)(II) for a full and accurate statement of their content.

119.     This paragraph contains Plaintiffs' characterization of Request 3 and conclusions of law to which no response is required.  To the extent that a response is required, Defendants DOJ-NSD and DOJ-FBI deny the allegations and respectfully refer the Court to Request 3 and 5 U.S.C. § 552(a)(4)(A)(ii)(II) for a full and accurate statement of their content.

<u>Agency Responses to Request 3</u>

*FBI*

120.     Defendant DOJ-FBI admits that it acknowledged receipt of Request 3 by letter dated April 2, 2018.[3]  The remaining allegations in this paragraph contain Plaintiffs' characterization of Defendant DOJ-FBI's April12, 2018 letter to which no response is required.  To the extent that a response is required, Defendant DOJ-FBI respectfully refers the Court to Defendant DOJ-FBI's April 2, 2018 letter for a full and accurate statement of its content.

121.     Defendant DOJ-FBI admits the allegations in this paragraph.

---

[3] Although Plaintiffs' Complaint alleges that Defendant FBI acknowledged receipt of Request 3 by letter dated April 12, 2018, the acknowledgement letter from Defendant FBI is dated April 2, 2018.

*NSD*

122.    Defendant DOJ-NSD denies the allegations in this paragraph and further answers that Defendant DOJ-NSD acknowledged receipt of Request 3 by e-mail dated April 3, 2018.

*DOJ*

123.    Defendant denies the allegations in this paragraph in so far as Defendants DOJ-FBI and DOJ-NSD responded to Request 3 on behalf of Defendant DOJ.

## Causes of Action

### Request 1

124.    This paragraph contains Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations and respectfully refer the Court to 5 U.S.C.  § 552(a)(3)(A) and the corresponding regulations of Defendants DOD, Army, NSA, CIA, DOJ, State, and ODNI for a full and accurate statement of their content.

125.    This paragraph contains Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations and respectfully refer the Court to 5 U.S.C.  § 552(a)(3)(A) and the corresponding regulations of Defendants DOD, Army, NSA, CIA, DOJ, State, and ODNI for a full and accurate statement of their content.

126.    This paragraph contains Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations and respectfully refer the Court to 5 U.S.C.  § 552(a)(3)(C), (D) and the corresponding

regulations of Defendants DOD, Army, NSA, CIA, DOJ, State, and ODNI for a full and accurate statement of their content.

127.     This paragraph contains Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations and respectfully refer the Court to 5 U.S.C.  § 552(a)(6)(E) and the corresponding regulations of Defendants DOD, Army, NSA, CIA, DOJ, State, and ODNI for a full and accurate statement of their content.

128.     This paragraph contains Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations and respectfully refer the Court to 5 U.S.C.  § 552(a)(4)(A)(ii)(II) and the corresponding regulations of Defendants DOD, Army, NSA, CIA, DOJ, State, and ODNI for a full and accurate statement of their content.

<u>Request 2</u>

129.     This paragraph contains Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations and respectfully refer the Court to 5 U.S.C.  § 552(a)(3)(A) and the corresponding regulations of Defendants Air Force, Army, CIA, Coast Guard, DEA, DHS, DIA, DOD, DOE, DOJ, State, Treasury, FBI, Marines, Navy, NGA, NRO, NSA, and ODNI for a full and accurate statement of their content.

130.     This paragraph contains Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations and respectfully refer the Court to 5 U.S.C.  § 552(a)(3)(C), (D) and the corresponding regulations of Defendants Air Force, Army, CIA, Coast Guard, DEA, DHS, DIA, DOD,

DOE, DOJ, State, Treasury, FBI, Marine Corps, Navy, NGA, NRO, NSA, and ODNI for a full and accurate statement of their content.

131.     This paragraph contains Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations and respectfully refer the Court to 5 U.S.C.  § 552(a)(6)(E) and the corresponding regulations of Defendants Air Force, Army, CIA, Coast Guard, DEA, DHS, DIA, DOD, DOE, DOJ, State, Treasury, FBI, Marine Corps, Navy, NSA, and ODNI for a full and accurate statement of their content.

132.     This paragraph contains Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations and respectfully refer the Court to 5 U.S.C.  § 552(a)(4)(A)(iii) and the corresponding regulations of Defendants Air Force, Army, Coast Guard, DEA, DHS, DIA, DOD, DOE, DOJ, State, Treasury, FBI, Navy, and ODNI for a full and accurate statement of their content.

133.     This paragraph contains Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations and respectfully refer the Court to 5 U.S.C.  § 552(a)(4)(A)(ii)(II) and the corresponding regulations of Defendants Air Force, Army, Coast Guard, DHS, DIA, DOD, DOE, DOJ, State, Treasury, FBI, Navy, and ODNI for a full and accurate statement of their content.

134.     This paragraph contains Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations and respectfully refer the Court to 5 U.S.C.  § 552(a)(6)(A)(ii) and the corresponding

regulations of Defendants DOJ, Marine Corps, NGA, and NRO for a full and accurate statement of their content.

Request 3

135.    This paragraph contains Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations and respectfully refer the Court to 5 U.S.C.  § 552(a)(3)(A) and the corresponding regulations of Defendant DOJ for a full and accurate statement of their content.

136.    This paragraph contains Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations and respectfully refer the Court to 5 U.S.C.  § 552(a)(3)(C), (D) and the corresponding regulations of Defendant DOJ for a full and accurate statement of their content.

137.    This paragraph contains Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations and respectfully refer the Court to 5 U.S.C.  § 552(a)(6)(E) and the corresponding regulations of Defendant DOJ for a full and accurate statement of their content.

138.    This paragraph contains Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations and respectfully refer the Court to 5 U.S.C.  § 552(a)(4)(A)(iii) and the corresponding regulations of Defendant DOJ for a full and accurate statement of their content.

139.    This paragraph contains Plaintiffs' conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations and respectfully refer the Court to 5 U.S.C.  § 552(a)(4)(A)(ii)(II) and the corresponding regulations of Defendant DOJ for a full and accurate statement of their content.

**Prayer for Relief**

The remaining unnumbered paragraph, including subparts (1) through (6), constitutes a prayer for relief, to which no response is required.  To the extent that a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

Defendants deny all allegations in Plaintiffs' Complaint neither expressly admitted nor denied.

**AFFIRMATIVE DEFENSES**

1.      The Court lacks subject-matter jurisdiction over this action as to some of the Defendants.

2.      The Complaint fails to state a claim upon which relief may be granted to the extent that Plaintiffs has failed to timely exhaust the requisite administrative remedies.

3.      Defendants' actions did not violate FOIA or any other statutory or regulatory provision.

4.      Plaintiffs are not entitled to compel production of records exempt from disclosure by one or more exemptions of FOIA, 5 U.S.C. § 552.

Dated:  August 9, 2018          Respectfully submitted,

                                CHAD A. READLER
                                Acting Assistant Attorney General

                                MARCIA BERMAN
                                Assistant Branch Director

                                */s/ Tamra T. Moore*
                                TAMRA T. MOORE
                                District of Columbia Bar No. 488392
                                Trial Attorney
                                United States Department of Justice
                                Civil Division, Federal Programs Branch
                                20 Massachusetts Avenue, Room 5375
                                Washington, DC 20001
                                Tel: (202) 305-8628
                                Fax: (202) 305-8517
                                E-mail: tamra.moore@usdoj.gov

                                Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned certifies that this Answer was served to all counsel of record via the Court's CM/ECF system on this 9th day of August, 2018.

                                */s/ Tamra T. Moore*
                                TAMRA T. MOORE