## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KNIGHT FIRST AMENDMENT | ) | |
| INSTITUTE AT COLUMBIA | ) | |
| UNIVERSITY, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 18-1129 (EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF DEFENSE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED JOINT STATUS REPORT

Plaintiffs Knight First Amendment Institute at Columbia University ("KFIA"), American Civil Liberties Union, and the American Civil Liberties Union Foundation (collectively, "ACLU"), and Defendants Department of Defense ("DOD"), Department of the Army ("Army"), Central Intelligence Agency ("CIA"), Department of Justice ("DOJ"), DOJ, Office of Legal Counsel ("OLC"), DOJ, National Security Division ("NSD"), Federal Bureau of Investigation ("FBI"), Department of State ("State"), Office of the Director of National Intelligence ("ODNI"), Department of the Air Force ("Air Force"), United States Coast Guard ("Coast Guard"), Drug Enforcement Administration ("DEA"), Department of Homeland Security ("DHS"), Defense Intelligence Agency ("DIA"), Department of Energy ("DOE"), Department of the Treasury ("Treasury"), Marine Corps, Department of the Navy ("Navy"), National Geospatial-Intelligence Agency ("NGIA"), National Reconnaissance Office ("NRO"), and National Security Agency ("NSA") (collectively, "Defendants") respectfully submit this Amended Joint Status Report, pursuant to the Court's Standing Order in FOIA Cases, *see* Minute Order (Oct. 2, 2018):

**I-III.   The Status of the FOIA Requests, the Anticipated Number of Responsive Records, and the Anticipated Dates by which Responsive Information Will Be Produced**

This lawsuit involves three separate FOIA requests, each of which seeks records from twenty (20) separate Executive Branch agencies related to their respective pre-publication review processes—the policies and procedures governing the review of written materials drafted or prepared by current or former federal government employees, which discuss or reference their federal government service, prior to public release.  *See* Compl. ¶¶ 1, 14-123.

FOIA Request 1 was submitted to ten (10) separate Defendant agencies—DOD, Army, NSA, CIA, DOJ-OAG, DOJ-OLC- DOJ-NSD, the FBI, DOS (State), and ODNI— on May 9, 2017.  FOIA Request 1 contains three separate requests that broadly request all written communications, inter- and intra-agency correspondence, and records reflecting interim, final, or after appeal decisions related to the pre-publication review processes of each of the ten (10) Defendant agencies in connection with pre-publication requests submitted by twenty-two (22) separately identified individuals.  *See id.* ¶¶ 14-18.

FOIA Request 2 was submitted to nineteen (19) of the Defendant agencies—CIA, DOD, DIA, Army, Air Force, Navy, NGIA,  NRO, NSA, the Marines, DOE, DHS, Coast Guard, DOJ-OAG, DEA, FBI, DOS, Treasury, and ODNI—on December 13, 2017.  *See id.*  ¶¶ 14, 43.  FOIA Request 2 generally contains three separate requests, one of which has three separate subparts, seeking all records related to non-disclosure agreements or any other agreements, administrative appeals, and sanctions from each of the 19 Defendant agencies. *See id.* ¶¶ 43-44.  In addition to these specific requests, the FOIA Request 2 that was submitted to Defendants CIA, DHS, and ODNI contained a fourth paragraph, which

requests additional records related to specifically-identified pre-publication review policies attributed to CIA, DHS, and ODNI respectively. *See id.* ¶¶44-47.

Finally, FOIA Request 3 was submitted to three Defendant agencies—DOJ, NSD, and the FBI—on March 27, 2018. *See id.* ¶¶ 14, 114. FOIA Request 3 generally seeks all correspondence, inter- and intra-agency correspondence, and documents reflecting decisions related to the pre-publication review process undertaken by Mr. James Comey in relation to the publication of his memoir, *A Higher Loyalty*. *See id.* ¶¶ 114-15.

## A. DOD

DOD initiated searches for, and has identified 1,440 potentially responsive records in response to, FOIA Requests 1 and 2. DOD is currently processing the 1,440 potentially responsive records and anticipates producing all non-exempt, responsive records (or the portions thereof) on two separate production dates: (1) on or before February 28, 2019; and (2) on or before March 31, 2019.

## B. Army

Army initiated searches for potentially responsive records in response to FOIA Requests 1 and 2, which did not identify any potentially responsive records. Army issued a final "no records" response letter dated June 20, 2018.

## C. Air Force

The Air Force initiated searches for potentially responsive records in response to FOIA Requests 1 and 2, which did not identify any potentially responsive records. The Air Force anticipates issuing final "no record" response letters on or before March 31, 2019.

### D.  NAVY

Navy identified one potentially responsive record in response to FOIA Request 2. Navy produced the one record with a final response letter dated July 26, 2018.

### E.  STATE

State has identified 610 potentially responsive records to FOIA Requests 1 and 2. State has completed processing the 610 potentially responsive records and believes that it has produced all of the non-exempt, responsive records (or the portions thereof) in response to FOIA Requests 1 and 2 on November 13, 2018, and December 12, 2018.  State is currently verifying that it has produced all non-exempt, responsive records in response to Plaintiffs' FOIA requests.  If, during its verification process, State identifies any additional potentially responsive records, it anticipates producing any remaining non-exempt, responsive records (or the portions thereof) on or before April 3, 2019.

### F.  CIA

CIA has identified approximately 1,870 potentially responsive records in response to FOIA Requests 1 and 2.  CIA anticipates producing all of the non-exempt, responsive records in response to FOIA Requests 1 and 2 in four or five rolling productions on or before the following dates: March 1, 2019; April 30, 2019; June 28, 2019; September 30, 2019; and December 19, 2019.

### G.  FBI

FBI has identified approximately 365 potentially responsive pages in response to, FOIA Requests 1, 2, and 3.  FBI completed processing of the approximately 365 potentially responsive pages and produced all of the non-exempt, responsive records in response to FOIA Requests 1, 2, and 3 with letters dated November 20, 2018, and January 3, 2019.

**H.  DEA**

DEA has identified one (1) potentially responsive record in response to FOIA Request 2.  DEA completed processing of the responsive record and produced it to Plaintiffs with a final response letter on February 12, 2019.

**I.  ODNI**

ODNI has identified approximately seventeen potentially responsive records in response to, FOIA Requests 1 and 2.  ODNI completed processing of the seventeen potentially responsive records, and referred fourteen records to the CIA for a direct response to Plaintiffs.  ODNI produced the remaining non-exempt responsive records (or the portions thereof) in response to FOIA Requests 1 and 2 on September 18, 2018, October 3, 2018, and October 22, 2018.

**J.  DOJ-NSD**

NSD has completed searches for potentially responsive records in response to FOIA Requests 1 and 3.  NSD has identified and is processing approximately thirteen potentially responsive records in response to FOIA Request 1 and anticipates producing all of the non-exempt, responsive records (or the portions thereof) on or before March 15, 2019.  NSD did not identify any responsive records in response to FOIA Request 3 and anticipates issuing a final "no records" response letter on or before March 15, 2019.

**K.  DOJ-OAG**

DOJ's Office of Information Policy ("OIP") searched OAG for records responsive to FOIA Requests 1 and 2.  OIP did not identify any potentially responsive records in response to FOIA Requests 1 and 2 and issued final "no records" responses on behalf of OAG to each Request on May 19, 2017, and January 11, 2018.  Plaintiffs did not

administratively appeal either final "no records" response prior to the filing of the instant action.  OIP was not a recipient of FOIA Request 3.

### L.  DOJ-OLC

OLC has identified approximately 150 to 160 potentially responsive records in response to, FOIA Request 1.  OLC is currently processing the 150 to 160 potentially responsive records and anticipates producing all of the non-exempt responsive records (or the portions thereof) on or before April 30, 2019.

### M. DIA

DIA has identified approximately 150 potentially responsive records (roughly 4,200 pages) in response to, FOIA Request 2.  DIA is currently processing the 150 potentially responsive records (roughly 4,200 pages) and anticipates producing all of the non-exempt responsive records (or the portions thereof) in rolling productions, which started with DIA's first interim response letter dated December 21, 2018.  DIA anticipates that it will continue to make monthly productions on the last day of each month until the end of June 2019, unless that date is a weekend or holiday in which case the production will be made the next business day.

### N.  NSA

NSA has identified approximately 184 records (potentially several thousand pages)[1] that are potentially responsive to FOIA Request 1.  NSA commits to providing Plaintiffs with the number of records and pages that are actually responsive to FOIA Request 1, and a schedule for processing and producing those records and pages, on or

---

[1] Please note that an initial estimate of the number of pages that these 184 records contain indicated that they encompassed roughly 3,500 pages. However, because duplicate records have not been removed from this set of records, a definite page number cannot be determined until the review process is initiated.

before March 1, 2019.   NSA has identified eight pages of records that are responsive to FOIA Request 2 and produced the non-exempt, responsive pages (or the portions thereof) in a first interim response letter dated January 11, 2018.   NSA commits to providing Plaintiffs with the number of records and pages that are actually responsive to FOIA Request 2, and a schedule for processing and producing the remaining records and pages, on or before March 1, 2019.

### O. NGIA

NGIA initiated a search for potentially responsive records in response to FOIA Request 2, which identified no potentially responsive records.  NGIA anticipates issuing a final "no records" response letter on or before March 4, 2019.

### P. NRO

NRO identified two potentially responsive records in response to FOIA Request 2. NRO issued a final response letter dated January 2, 2018, which explained that the two responsive records are publicly-available.

### Q. COAST GUARD

Coast Guard has identified three potentially responsive records in response to FOIA Request 2. Coast Guard has completed processing of the three potentially responsive records and produced the non-exempt, responsive records (or the portions thereof) with a final response letter dated July 20, 2018.

### R. TREASURY

Treasury has identified two potentially responsive records in response to FOIA Request 2.  Treasury completed processing and issued a final response letter dated July 24, 2018, which explained that the two responsive records are publicly-available.

### S.  DOE & NNSA

DOE initiated a search for potentially responsive records in response to FOIA Request 2, which did not identify any potentially responsive records.  DOE issued a final "no records" response letter dated June 20, 2018.  DOE also referred FOIA Request 2 to NNSA on February 5, 2018.  NNSA initiated a search for potentially responsive records in response to FOIA Request 2, which did not identify any potentially responsive records. NNSA issued a final "no records" response letter dated June 14, 2018.

### T.  DHS

DHS has not yet initiated a search for records that are potentially responsive to FOIA Request 2.  DHS anticipates initiating a search for, and completing the processing of potentially responsive records, on or before April 30, 2019.  Once DHS completes processing of any records that are potentially responsive to FOIA Request 2, it will be in a better position to propose a production schedule.

### **Plaintiffs' Position:**

While Plaintiffs join Defendants in the filing of this status report, they write separately to make one request and one point of clarification.

First, Plaintiffs request that the Court resolve a continuing impasse between the parties. Specifically, Plaintiffs request that the Court impose a deadline of March 1, 2019 for Defendant DHS to advise Plaintiffs as to the approximate number, nature, and complexity of responsive records (including the total number of pages of those records), and to propose to Plaintiffs a schedule for the processing and production of those records. To date, Plaintiffs have not received any of this information, even though the Court's October 2, 2018, Minute Order directed the parties to file a joint scheduling order including

the "anticipated number of documents responsive to plaintiffs FOIA request" and the "anticipated date(s) for release of documents responsive to plaintiffs FOIA request."

In order to reach an agreed-upon processing schedule for the records at issue in this case, Plaintiffs have repeatedly asked Defendant DHS to advise them as to the approximate number, nature, and complexity of responsive records they have located as a result of their searches and to propose a schedule for the processing and production of these records. Plaintiffs have reiterated these requests for information on at least eleven occasions— including by phone on September 27, 2018, November 19, 2018, November 30, 2018, and February 15, 2019, and by e-mail on October 19, 2018, November 14, 2018, November 30, 2018, December 14, 2018, December 19, 2018, February 5, 2019, and February 13, 2019. Moreover, Plaintiffs consented to a three-week extension to file the initial Joint Status Report in this case, from November 30, 2018 to December 21, 2018, on the explicit understanding that Defendant DHS, along with the other Defendant agencies, would provide Plaintiffs with the requested information, including proposed processing schedules, by the extended December 21, 2018 deadline. By e-mail on December 15, 2018, counsel for Defendants stated that processing information from DHS would be forthcoming.

As of this filing, however, Defendant DHS has yet to provide any of this information. Moreover, Defendant DHS states in this JSR that it has not even initiated a search for responsive records. Thus, nine months after the filing of the complaint—and over fourteen months after Plaintiffs submitted their FOIA request to this agency— Defendant DHS still has not provided Plaintiffs the information necessary for the parties to come to an agreement on processing and production.

Plaintiffs therefore respectfully request that the Court order this agency to advise Plaintiffs by March 1, 2019 of the approximate number, nature, and complexity of actually responsive records (including the total number of pages of those records) and to propose a schedule for the processing and production of these records.

Second, Plaintiffs would like to clarify that they have not yet agreed to any of the above-mentioned Defendants' proposed processing schedules, many of which were only recently provided to Plaintiffs. Plaintiffs have also not yet received additional information that they have requested from some of the agencies. Depending on this information, Plaintiffs may attempt to negotiate or, if unsuccessful, ask the Court to impose more appropriate schedules for processing and production of responsive records held by Defendants.

**Defendants' Position:**

DHS anticipates initiating a search for, and completing the processing of potentially responsive records in response to FOIA Request 2 on or before April 30, 2019. *See supra* ¶ T. The undersigned has explained to Plaintiffs' Counsel that the reason for the delay in processing FOIA Request 2 is the fact that DHS's FOIA Office, which consists only of four full-time employees and one part-time employee, is currently required to process 10,000 pages per month for other FOIA matters. As a result of these other FOIA processing obligations, DHS is unable to begin processing Plaintiffs' FOIA request until April 30, 2019. DHS's proposed processing schedule is reasonable given the agency's current FOIA workload and the privacy and inter-and intra-agency equities that are implicated by virtue of the records that are the subject of Plaintiffs' multi-part FOIA Request.

It is for this reason that Defendant DHS respectfully requests the opportunity to provide the Court with a written explanation addressing the substantial burden that would be imposed on the agency if it is required to initiate and complete a search in response to Plaintiffs' multi-part FOIA request within one week as Plaintiffs now request.

**VI.     Whether a motion for an Open America stay is likely in this case**

The parties do not believe that a motion for an Open America stay is likely in this case.

**V.     Whether a Vaughn index will be required in this case**

At this juncture, it is unclear whether *Vaughn* indices will be required in this case.

**VI.     Whether this case would benefit from referral to a magistrate judge or the District Court Mediation Program for purposes of settlement**

The parties have worked cooperatively in this matter and are committed to continuing to work to resolve this case without further Court involvement.  They do not, therefore, believe that the case would benefit from referral to a magistrate judge or the District Court's Mediation Program for purposes of settlement.

**VII.     A proposed briefing schedule for dispositive motions, if applicable**

The parties, through their counsel, are currently are working toward developing an agreed-upon processing and production schedule for the records at issue in this case and are not yet in a position to proposed a dispositive briefing schedule.   The parties respectively request additional time in which to resolve any issues that may arise regarding Defendants' processing and production of non-exempt, responsive records (or the portions thereof), including whether the parties are able to resolve many (if not all) of the issues that remain to be litigated outside of litigation.  To that end, the parties suggest that they file a Joint Status Report on or before April 1, 2019, that informs the Court about the status of

the efforts to resolve this matter outside of litigation, or alternatively, proposes a briefing

schedule to resolve Plaintiffs' remaining claims.

Dated: February 27, 2019                              Respectfully submitted,

| | |
|---|---|
| _/s/ Brett Max Kaufman_____<br>Brett Max Kaufman<br>American Civil Liberties Union<br>125 Broad Street—18th Floor<br>New York, NY 10004<br>T: 212.549.2500<br>F: 212.549.2654<br>bkaufman@aclu.org<br><br>Arthur B. Spitzer (D.C. Bar No. 235960)<br>American Civil Liberties Union<br>  of the Nation's Capital<br>4301 Pennsylvania Avenue, NW,<br>Suite 434<br>Washington, D.C. 20008<br>T: 202.457.0800<br>F: 202.457.0805<br>artspitzer@aclu-nca.org<br><br>Alex Abdo (admitted *pro hac vice*)<br>Jameel Jaffer (D.C. Bar No. MI0067)<br>Knight First Amendment Institute<br>at Columbia University<br>475 Riverside Drive, Suite 302<br>New York, NY 10115<br>(646) 745-10115<br>alex.abdo@knightcolumbia.org<br><br>*Counsel for Plaintiffs* | JOSEPH H. HUNT<br>Assistant Attorney General,<br>Civil Division<br><br>MARCIA BERMAN<br>Assistant Branch Director<br><br>_/s/ Tamra T. Moore_____<br>TAMRA MOORE<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>Tel: (202) 305-8628<br>Fax: (202) 305-8517<br>Tamra.Moore@usdoj.gov<br><br>*Counsel for Defendants* |

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing document was served to all counsel of record via the Court's CM/ECF system on this 27th day of February, 2019.


<u>*/s/ Tamra T. Moore*</u>
TAMRA T. MOORE