## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KNIGHT FIRST AMENDMENT | ) | |
| INSTITUTE AT COLUMBIA | ) | |
| UNIVERSITY, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 18-1129 (EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF DEFENSE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT

Plaintiffs Knight First Amendment Institute at Columbia University ("KFIA"),
American Civil Liberties Union, and the American Civil Liberties Union Foundation
(collectively, "ACLU"), and Defendants Department of Defense ("DOD"), Department of
the Army ("Army"), Central Intelligence Agency ("CIA"), Department of Justice ("DOJ"),
DOJ, Office of Legal Counsel ("OLC"), DOJ, National Security Division ("NSD"), Federal
Bureau of Investigation ("FBI"), Department of State ("State"), Office of the Director of
National Intelligence ("ODNI"), Department of the Air Force ("Air Force"), United States
Coast Guard ("Coast Guard"), Drug Enforcement Administration ("DEA"), Department of
Homeland Security ("DHS"), Defense Intelligence Agency ("DIA"), Department of
Energy ("DOE"), Department of the Treasury ("Treasury"), Marine Corps, Department of
the Navy ("Navy"), National Geospatial-Intelligence Agency ("NGIA"), National
Reconnaissance Office ("NRO"), and National Security Agency ("NSA") (collectively,
"Defendants") respectfully submit this Amended Joint Status Report, pursuant to the
Court's Standing Order in FOIA Cases, *see* Minute Order (Oct. 2, 2018):

**I-III.   The Status of the FOIA Requests, the Anticipated Number of Responsive Records, and the Anticipated Dates by which Responsive Information Will Be Produced**

This lawsuit involves three separate FOIA requests, each of which seeks records from twenty (20) separate Executive Branch agencies related to their respective pre-publication review processes—the policies and procedures governing the review of written materials drafted or prepared by current or former federal government employees, which discuss or reference their federal government service, prior to public release.  *See* Compl. ¶¶ 1, 14-123.

FOIA Request 1 was submitted to ten (10) separate Defendant agencies—DOD, Army, NSA, CIA, DOJ-OAG, DOJ-OLC- DOJ-NSD, the FBI, DOS (State), and ODNI—on May 9, 2017.  FOIA Request 1 contains three separate requests that broadly request all written communications, inter- and intra-agency correspondence, and records reflecting interim, final, or after appeal decisions related to the pre-publication review processes of each of the ten (10) Defendant agencies in connection with pre-publication requests submitted by twenty-two (22) separately identified individuals.  *See id.* ¶¶ 14-18.

FOIA Request 2 was submitted to nineteen (19) of the Defendant agencies—CIA, DOD, DIA, Army, Air Force, Navy, NGIA,  NRO, NSA, the Marines, DOE, DHS, Coast Guard, DOJ-OAG, DEA, FBI, DOS, Treasury, and ODNI—on December 13, 2017.  *See id.*  ¶¶ 14, 43.  FOIA Request 2 generally contains three separate requests, one of which has three separate subparts, seeking all records related to non-disclosure agreements or any other agreements, administrative appeals, and sanctions from each of the 19 Defendant agencies. *See id.* ¶¶ 43-44.  In addition to these specific requests, the FOIA Request 2 that was submitted to Defendants CIA, DHS, and ODNI contained a fourth paragraph, which

requests additional records related to specifically-identified pre-publication review policies attributed to CIA, DHS, and ODNI respectively. *See id.* ¶¶44-47.

Finally, FOIA Request 3 was submitted to three Defendant agencies—DOJ, NSD, and the FBI—on March 27, 2018. *See id.* ¶¶ 14, 114. FOIA Request 3 generally seeks all correspondence, inter- and intra-agency correspondence, and documents reflecting decisions related to the pre-publication review process undertaken by Mr. James Comey in relation to the publication of his memoir, *A Higher Loyalty*. *See id.* ¶¶ 114-15.

## A. DOD

DOD initiated searches for, and has identified 1,440 potentially responsive records in response to FOIA Requests 1 and 2. In the parties' February 27, 2019 Joint Status Report, DOD stated that it "anticipate[d] producing all non-exempt, responsive records (or the portions thereof) on two separate production dates: (1) on or before February 28, 2019; and (2) on or before March 31, 2019." DOD issued a first interim response on February 28, 2019. However, on April 1, 2019, counsel for Defendants informed counsel for Plaintiffs that DOD requires an additional month to complete production. DOD agrees to produce the remaining non-exempt, responsive records (or the portions thereof) on or before April 30, 2019.

## B. Army

Army initiated searches for potentially responsive records in response to FOIA Requests 1 and 2, which did not identify any potentially responsive records. By letter dated June 20, 2018, Army issued a final "no records" determination in response to Request 2.

### C.  Air Force

The Air Force initiated searches for potentially responsive records in response to FOIA Requests 2, which did not identify any potentially responsive records.  The Air Force issued a final "no record" response letter dated March 31, 2019.

### D.  Navy

Navy identified one potentially responsive record in response to FOIA Request 2. Navy produced the one record with a final response letter dated July 26, 2018.

### E.  State

State identified 610 potentially responsive records in response to FOIA Requests 1 and 2.  State has completed processing and producing all of the non-exempt, responsive records (or the portions thereof) in response to both requests.  Productions were made through response letters dated October 12, 2018, November 13, 2018, December 12, 2018, and March 14, 2019.

### F.  CIA

CIA has identified approximately 1,870 potentially responsive records in response to FOIA Requests 1 and 2.  CIA issued a first interim response letter dated March 1, 2019, and anticipates producing the remaining non-exempt, responsive records in response to FOIA Requests 1 and 2 in three or four rolling productions on or before the following dates: April 30, 2019; June 28, 2019; September 30, 2019; and December 19, 2019.

### G.  FBI

FBI has identified approximately 365 potentially responsive pages in response to, FOIA Requests 1, 2, and 3.  FBI completed processing of the approximately 365 potentially

responsive pages and produced all of the non-exempt, responsive records in response to FOIA Requests 1, 2, and 3 with letters dated November 20, 2018, and January 3, 2019.

### H.  DEA

DEA has identified one (1) potentially responsive record in response to FOIA Request 2.  DEA completed processing of the responsive record and produced it to Plaintiffs with a final response letter on February 12, 2019.

### I.  ODNI

ODNI has identified approximately seventeen potentially responsive records in response to, FOIA Requests 1 and 2.  ODNI completed processing of the seventeen potentially responsive records, and referred fourteen records to the CIA for a direct response to Plaintiffs.  ODNI produced the remaining non-exempt responsive records (or the portions thereof) in response to FOIA Requests 1 and 2 on September 18, 2018, October 3, 2018, and October 22, 2018.

### J.  DOJ-NSD

NSD has completed searches for potentially responsive records in response to FOIA Requests 1 and 3.  NSD identified thirteen (13) potentially responsive records in response to Request 1.  NSD completed processing of these 13 potentially responsive records and referred two records to DOD and one record to CIA for processing and direct response to Plaintiffs.  NSD produced the remaining records to Plaintiffs and issued its final response on March 15, 2019.  NSA did not identify any records in response to Request 3 and issued a final "no records" response letter on April 1, 2019.

### K.  DOJ-OAG

DOJ's Office of Information Policy ("OIP") searched OAG for records responsive to FOIA Requests 1 and 2.  OIP did not identify any potentially responsive records in response to FOIA Requests 1 and 2 and issued final "no records" responses on behalf of OAG to each Request on May 19, 2017, and January 11, 2018.  Plaintiffs did not administratively appeal either final "no records" response prior to the filing of the instant action.  OIP was not a recipient of FOIA Request 3.

### L.  DOJ-OLC

OLC has identified approximately 150 to 160 potentially responsive records in response to, FOIA Request 1.  OLC is currently processing the 150 to 160 potentially responsive records and anticipates producing all of the non-exempt responsive records (or the portions thereof) on or before April 30, 2019.

### M. DIA

DIA has identified approximately 150 potentially responsive records (roughly 4,200 pages) in response to, FOIA Request 2.  DIA is currently processing the 150 potentially responsive records (roughly 4,200 pages) and anticipates producing all of the non-exempt responsive records (or the portions thereof) in rolling productions, which started with DIA's first interim response letter dated December 21, 2018.  Since December 21, 2018, DIA has produced non-exempt responsive records or the portions thereof in 3 additional interim responses: January 31, 2019, February 29, 2019, and March 29, 2019.  DIA anticipates that it will continue to make monthly productions on the last day of each month until the end of June 2019, unless that date is a weekend or holiday in which case the production will be made the next business day.

**N.  NSA**

NSA has identified 85 records (2410 pages) that are responsive to Request 1.  With respect to Request 2, NSA identified eight pages of records that are responsive to Request 2 and produced the non-exempt, responsive pages (or the portions thereof) in a first interim response letter dated January 11, 2018.  NSA has since identified an additional 79 records (2086 pages) that are responsive to Request 2.  NSA anticipates completing processing and production of the 85 records (2410 pages) (or the non-exempt portions thereof) in response to Request 1 on or before June 1, 2019, and anticipates completing processing and production of the 79 records (2086 pages) (or the non-exempt portions thereof) in response to Request 2 on or before September 1, 2019.

**O.  NGIA**

NGIA initiated a search for potentially responsive records in response to FOIA Request 2, which identified no potentially responsive records.  NGIA issued a final "no records" response letter on March 4, 2019.

**P.  NRO**

NRO identified two potentially responsive records in response to FOIA Request 2. NRO issued a final response letter dated January 2, 2018, which explained that the two responsive records are publicly-available.

**Q.  Coast Guard**

Coast Guard has identified three potentially responsive records in response to FOIA Request 2. Coast Guard has completed processing of the three potentially responsive records and produced the non-exempt, responsive records (or the portions thereof) with a final response letter dated July 20, 2018.

### R. Treasury

Treasury has identified two potentially responsive records in response to FOIA Request 2. Treasury completed processing and issued a final response letter dated July 24, 2018, which explained that the two responsive records are publicly-available.

### S. DOE & NNSA

DOE initiated a search for potentially responsive records in response to FOIA Request 2, which did not identify any potentially responsive records. DOE issued a final "no records" response letter dated June 20, 2018. DOE also referred FOIA Request 2 to NNSA on February 5, 2018. NNSA initiated a search for potentially responsive records in response to FOIA Request 2, which did not identify any potentially responsive records. NNSA issued a final "no records" response letter dated June 14, 2018.

### T. DHS

DHS has not yet initiated a search for records that are potentially responsive to FOIA Request 2. DHS has agreed to provide Plaintiffs with the number of actually responsive pages and a schedule for producing those pages by April 30, 2019.

### Plaintiffs' Position:

While Plaintiffs join Defendants in the filing of this status report, they write separately to clarify that they have not yet agreed to any of the above-mentioned Defendants' proposed processing schedules, many of which were only recently provided to Plaintiffs. Plaintiffs have also not yet received additional information that they have requested from some of the agencies. Depending on this information, Plaintiffs may attempt to negotiate or, if unsuccessful, ask the Court to impose more appropriate schedules for processing and production of responsive records held by Defendants.

**VI.      Whether a motion for an Open America stay is likely in this case**

The parties do not believe that a motion for an Open America stay is likely in this case.

**V.       Whether a Vaughn index will be required in this case**

At this juncture, it is unclear whether *Vaughn* indices will be required in this case.

**VI.      Whether this case would benefit from referral to a magistrate judge or the District Court Mediation Program for purposes of settlement**

The parties have worked cooperatively in this matter and are committed to continuing to work to resolve this case without further Court involvement.  They do not, therefore, believe that the case would benefit from referral to a magistrate judge or the District Court's Mediation Program for purposes of settlement.

**VII.     A proposed briefing schedule for dispositive motions, if applicable**

The parties, through their counsel, are currently are working toward developing an agreed-upon processing and production schedule for the records at issue in this case and are not yet in a position to proposed a dispositive briefing schedule.   The parties respectively request additional time in which to resolve any issues that may arise regarding Defendants' processing and production of non-exempt, responsive records (or the portions thereof), including whether the parties are able to resolve many (if not all) of the issues that remain to be litigated outside of litigation.  To that end, the parties suggest that they file a Joint Status Report on or before May 17, 2019, that informs the Court about the status of the efforts to resolve this matter outside of litigation, or alternatively, proposes a briefing schedule to resolve Plaintiffs' remaining claims.

Dated: April 1, 2019                         Respectfully submitted,

| | |
|---|---|
| _/s/ Jameel Jaffer_____<br>Jameel Jaffer (D.C. Bar No. MI0067)<br>Alex Abdo (admitted *pro hac vice*)<br>Knight First Amendment Institute<br>at Columbia University<br>475 Riverside Drive, Suite 302<br>New York, NY 10115<br>(646) 745-10115<br>alex.abdo@knightcolumbia.org<br><br>Brett Max Kaufman<br>American Civil Liberties Union<br>125 Broad Street—18th Floor<br>New York, NY 10004<br>T: 212.549.2500<br>F: 212.549.2654<br>bkaufman@aclu.org<br><br>Arthur B. Spitzer (D.C. Bar No. 235960)<br>American Civil Liberties Union<br>  of the Nation's Capital<br>4301 Pennsylvania Avenue, NW,<br>Suite 434<br>Washington, D.C. 20008<br>T: 202.457.0800<br>F: 202.457.0805<br>artspitzer@aclu-nca.org<br><br><br>*Counsel for Plaintiffs* | JOSEPH H. HUNT<br>Assistant Attorney General,<br>Civil Division<br><br>MARCIA BERMAN<br>Assistant Branch Director<br><br>*/s/ Tamra T. Moore*         <br>TAMRA MOORE<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>Tel: (202) 305-8628<br>Fax: (202) 305-8517<br>Tamra.Moore@usdoj.gov<br><br>*Counsel for Defendants* |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served to all counsel

of record via the Court's CM/ECF system on this 1st day of April, 2019.


*/s/ Tamra T. Moore*
TAMRA T. MOORE