**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY, AMERICAN CIVIL LIBERTIES UNION, AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br><br>            Plaintiffs<br><br>      v.<br><br>DEPARTMENT OF DEFENSE et al.<br><br>          Defendants | Civil Action No. 18-1129 (EGS) |

<u>**PLAINTIFFS' MOTION FOR A PROCESSING SCHEDULE OR, IN THE
ALTERNATIVE, A STATUS CONFERENCE**</u>

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union of the
  District of Columbia
915 15th Street, NW
Second Floor
Washington, D.C. 20005
T: 202.601.4266
artspitzer@aclu-nca.org

Jameel Jaffer (D.C. Bar No. MI0067)
Alex Abdo (admitted *pro hac vice*)
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
T: 646.745.8500
jameel.jaffer@knightcolumbia.org
alex.abdo@knightcolumbia.org

Brett Max Kaufman
American Civil Liberties Union
125 Broad Street—18th Floor
New York, NY 10004
T: 212.549.2500
F: 212.549.2654
bkaufman@aclu.org

*Counsel for Plaintiffs*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................................ii

INTRODUCTION ............................................................................................................................1

BACKGROUND ..............................................................................................................................2

ARGUMENT ...................................................................................................................................3

    I.      The CIA's and DHS's proposed processing schedules are unreasonable. ...................3

          A.     CIA..............................................................................................................3

                  1.     Plaintiffs' good faith attempts to minimize the burden of
processing ......................................................................................4

                  2.     Estimated number of responsive records and proposed
processing schedule .......................................................................5

                  3.     Estimated number of responsive pages.................................................6

                  4.     Where things stand ...........................................................................6

          B.     DHS..............................................................................................................7

                  1.     Plaintiffs' good faith attempts to minimize the burden of
processing ......................................................................................7

                  2.     Estimated number of responsive pages and proposed
processing schedule .......................................................................8

                  3.     Where things stand ...........................................................................9

    II.     Plaintiffs' proposed processing schedules are reasonable. ...........................................9

          A.     CIA..............................................................................................................9

          B.     DHS............................................................................................................10

CONCLUSION...............................................................................................................................11

CERTIFICATE OF SERVICE........................................................................................................13

## TABLE OF AUTHORITIES

**Cases**

*EPIC v. DHS*, 218 F. Supp. 3d 27 (2016) ..................................................................................11

*Nat'l Immigration Project of the Nat'l Lawyers Guild v. Dep't of Homeland Sec.*,
No. 18-cv-00659 (S.D.N.Y. Apr. 6, 2018) ...........................................................................11

**INTRODUCTION**

Plaintiffs Knight First Amendment Institute at Columbia University, American Civil Liberties Union, and American Civil Liberties Union Foundation (collectively, "Plaintiffs") respectfully request that the Court issue an order imposing processing and production ("processing") schedules on Defendants Central Intelligence Agency ("CIA") and Department of Homeland Security ("DHS"). In the alternative, Plaintiffs respectfully request a status conference at the Court's earliest convenience to resolve issues related to the processing of responsive records by the CIA and DHS.

Plaintiffs filed this lawsuit to enforce three Freedom of Information Act ("FOIA") requests, which relate to a far-reaching system of government censorship known as "prepublication review." Collectively, the requests were sent to twenty-three Defendant agencies and agency components, including the CIA and DHS. This motion relates only to Requests 1 and 2, which were submitted more than twenty-four and seventeen months ago, respectively.

More than one year has passed since Plaintiffs filed this lawsuit. During that time, Plaintiffs have negotiated in good faith with all Defendants to reach agreement on reasonable schedules for processing. Plaintiffs have reached an impasse, however, with the CIA and DHS, which have repeatedly delayed providing, or else refused to provide, Plaintiffs with basic information regarding records responsive to the requests, and which have proposed unreasonably long schedules for processing. Given that Plaintiffs have been waiting for responsive records from the CIA and DHS for more than twenty-four months and seventeen months, respectively, and in light of the clear public interest in obtaining the release of these records, Plaintiffs respectfully request that the Court issue an order requiring the CIA to complete the processing of

1

responsive records by July 16, 2019, and requiring DHS to complete the processing of responsive records by June 25, 2019.

Pursuant to Local Rule 7(m), counsel for Plaintiffs notified counsel for Defendants of the intended filing of this motion. Counsel for Defendants responded that they oppose the relief requested in this motion and will file an opposition brief within the time frame provided under the Local Rules.

## BACKGROUND

This lawsuit involves three separate FOIA requests, each of which seeks records pertaining to a system of government censorship known as "prepublication review." Under this system, millions of current and former intelligence-agency employees and military personnel are prohibited from writing or speaking publicly about their government service without first obtaining the government's approval. In recent years, agency prepublication review processes have grown increasingly far-reaching and burdensome, resulting in escalating public and congressional concern. Despite this concern, much about these processes remains unknown. Plaintiffs submitted the FOIA requests to illuminate agency prepublication review processes and their impacts on free-speech rights and government transparency and accountability.

On May 9, 2017, Plaintiffs submitted Request 1—which seeks records related to the prepublication review of writings submitted by twenty-two former national-security officials—to ten Defendant agencies and agency components, including the CIA. On December 13, 2017, Plaintiffs submitted Request 2—which seeks several categories of records related to prepublication review—to twenty Defendant agencies and agency components, including the

CIA and DHS.[1] (On March 27, 2018, Plaintiffs filed Request 3, which is not at issue in this motion.) On May 11, 2018, Plaintiffs filed suit to ensure the timely release of the requested records.

## ARGUMENT

**I.     The CIA's and DHS's proposed processing schedules are unreasonable.**

In the twelve months since they filed this suit, Plaintiffs have attempted in good faith to negotiate reasonable processing schedules with Defendants. Plaintiffs have succeeded in doing so with all Defendant agencies but the CIA and DHS, which have repeatedly delayed providing, or refused to provide, basic information regarding responsive records, and which have proposed unreasonably protracted schedules for the processing of records. In addition to not complying with the FOIA, the approach taken by the CIA and DHS contravenes the Court's order more than seven months ago directing the parties to file by November 30, 2018 a joint proposed scheduling order including the "anticipated number of documents responsive to plaintiffs' FOIA request" and the "anticipated date(s) for release of documents responsive to plaintiffs' FOIA request." Minute Order (Oct. 2, 2018).

**A.     CIA**

The CIA received Requests 1 and 2 on May 10, 2017 and December 18, 2017, respectively. According to counsel for the CIA, the agency began processing the requests upon

---

[1] Item 1 of Request 2 seeks nondisclosure agreements or other agreements imposing prepublication review obligations on current or former government employees. Item 2 seeks documents related to administrative appeals filed from prepublication review determinations. Item 3 seeks documents related to sanctions imposed for non-compliance with prepublication review obligations. Item 4, submitted only to the CIA, seeks documents related to any investigation by the CIA or CIA Office of Inspector General into its Prepublication Review Board. And Items 5 and 6, submitted only to DHS, seek documents related to proposed and approved prepublication review directives, instructions, policies, or guidance. (Items 7 and 8, submitted only to the Office of the Director of National Intelligence, are not at issue here.)

receipt. Yet, as described below, the CIA failed to provide any responsive records in the months

before Plaintiffs filed suit; refused to provide any information about the number of responsive

documents for nearly a year after it received Request 2; failed to provide any production dates

until February 14, 2019; and now proposes to complete its review of approximately 1,746

remaining responsive records in December 2019—nineteen months after Plaintiffs filed this

lawsuit, and more than two years after the CIA received the last request. This is unreasonable,

especially because Plaintiffs have twice agreed to allow the CIA to limit its searches or else

narrow the scope of records that must be processed.

### 1.    Plaintiffs' good faith attempts to minimize the burden of processing

First, on August 31, 2018, Plaintiffs agreed to the CIA's request to limit its searches for

Request 1—which sought documents related to the prepublication review of all publications by

certain former national-security officials—to the short list of publications enumerated in the

request.

Second, on May 1, 2019, Plaintiffs stated that they were prepared to consent to the CIA

excluding certain draft documents responsive to Requests 1 and 2, namely manuscripts submitted

by agency and/or former agency employees for prepublication review. The CIA first proposed

this exclusion in early March 2019. Plaintiffs promptly agreed to consider the proposal, and

asked for two relevant pieces of information to enable their consideration: the number of

responsive records or pages that this would exclude, and a revised processing schedule reflecting

the exclusion. The CIA did not provide this information. Plaintiffs followed up at least twice,

again to no avail. Finally, in early May 2019, Plaintiffs stated that they were prepared to consent

to this limitation in order to expedite the CIA's processing. On May 21, 2019, counsel for the

CIA informed counsel for Plaintiffs that exclusion of the draft manuscripts "will not change the

processing schedule in any significant way" because the agency intended to withhold the manuscripts in full.

### 2.    Estimated number of responsive records and proposed processing schedule

Notwithstanding Plaintiffs' efforts, it took a year from the submission of the last request, more than seven months from the filing of this lawsuit, and more than two months from the Court's Minute Order directing the parties to submit a joint proposed scheduling order, for the CIA to provide Plaintiffs with a rough estimate of the number of responsive records.

On September 27, 2018, Plaintiffs requested, by telephone call with counsel for the CIA, that the CIA provide the approximate number of responsive records and a proposed processing schedule. As noted above, on October 2, 2018, this Court entered a Minute Order directing the parties to submit a joint proposed scheduling order including that information. For more than two months after this Court's Minute Order, Plaintiffs followed up with the CIA, seeking that information.

On December 15, 2018, counsel for the CIA finally provided some (albeit incomplete) responsive information: The CIA had identified "approximately 1800 potentially responsive records" for Request 1, and "70 or so potentially responsive documents" for Request 2. The CIA also proposed "beginning production in 'the first quarter of 2019'" with "at least '3 to 4 rolling productions.'" On multiple occasions thereafter, Plaintiffs requested that the CIA provide a processing schedule for those records, and the number of actually responsive pages that the CIA had identified.

Three months later, on February 14, 2019, counsel for the CIA provided a brief update, stating that the CIA proposed rolling productions on March 1, 2019, April 30, 2019, June 28,

2019, September 30, 2019, and December 19, 2019. Counsel added, however, that "whether the CIA is able to meet this goal will depend on a variety of factors."

### 3.    Estimated number of responsive pages

Plaintiffs first asked the CIA to provide the number of actually responsive pages on December 19, 2018. Plaintiffs followed up on this request at least two times, without response. Finally, on March 1, 2019, counsel for the CIA stated that the "CIA will provide page number information either later today or on Monday." The CIA failed, however, to follow through on this commitment. On May 14, 2019, after repeated follow-ups by Plaintiffs, counsel for the CIA indicated that the CIA "[did not] have the bandwidth to provide a page count at this time."

The CIA claims that providing a page count will take a lot of time, but Plaintiffs have repeatedly clarified that they seek merely a rough estimate of the anticipated total number of responsive pages—an estimate that other Defendant agencies have been able and willing to provide.[2] As Plaintiffs have explained to the CIA, they require this information in order to meaningfully evaluate the CIA's lengthy proposed processing schedule.

### 4.    Where things stand

To date, Plaintiffs have received just two interim productions from the CIA for Request 1—dated March 4, 2019 and April 30, 2019—reflecting review of only 124 documents. Plaintiffs have not received any productions from the CIA for Request 2.

---

[2] By email dated April 1, 2019, counsel for the CIA advised that providing Plaintiffs a page count would "substantially slow down" processing, in part because some records are in hard copy. However, as Plaintiffs explained by response dated May 1, 2019, Plaintiffs had requested only an *estimate* of the total number of responsive pages: "[The] CIA need not manually count every single hard-copy page. It could, for example, stack all of the hard copy pages and measure their height in inches, while taking into account whether most of the pages are one- or two-sided."

On May 7, 2019, counsel for the CIA informed Plaintiffs that the CIA would "commit to producing at least 1/3 of all non-exempt responsive materials by [June 28]" and "commit to producing at least half of all non-exempt responsive material by [September 30]," but "the agency is unable to propose a faster timeline at this time given staffing restraints." On May 14, 2019, counsel for the CIA clarified that under this proposal, the CIA would complete its processing and production of responsive records in December.

## B.    DHS

DHS received Request 1 on December 18, 2017. Yet, as described below, DHS failed to produce any responsive records in the months before Plaintiffs filed suit; failed to produce a single responsive record in the twelve months since; failed to conduct a search for responsive records before April 1, 2019; failed to provide any information about the number of responsive records until May 3, 2019; and now proposes a processing schedule according to which DHS would complete processing of approximately 1,482 potentially responsive pages of records in October 2019—more than twenty-one months after DHS received Request 2, and more than sixteen months after Plaintiffs filed suit. As with the CIA, this is unreasonable, particularly given Plaintiffs' agreement to allow the agency to limit its searches.

### 1.    Plaintiffs' good faith attempts to minimize the burden of processing

On December 21, 2017, Plaintiffs agreed with respect to Item 1 of Request 2—which sought agreements that impose prepublication review obligations on agency employees and/or former agency employees—that DHS should prioritize templates and standard forms of the agreements. Plaintiffs further agreed with respect to Items 2 and 3 of the same request—which sought documents related to administrative appeals from prepublication review determinations and documents related to sanctions imposed for non-compliance—that DHS should limit

7

searches, for the time being, to the last year, subject to Plaintiffs' right to ask for records from

additional years if those searches did not yield a representative sample of the records sought.

      2.     **Estimated number of responsive pages and proposed processing schedule**

Notwithstanding Plaintiffs' efforts, it took more than sixteen months from the submission

of Request 2, more than eleven months from the filing of this lawsuit, and more than seven

months from the Court's Minute Order directing the parties to file a joint proposed scheduling

order, for DHS to provide Plaintiffs with a rough estimate of the number of responsive records.

On September 27, 2018, Plaintiffs requested, by telephone call with counsel for DHS,

that DHS provide an approximate number of responsive records and a proposed processing

schedule. As noted above, on October 2, 2018, this Court entered a Minute Order directing the

parties to submit a joint proposed scheduling order including that information. For seven months

after this Court's Minute Order, Plaintiffs repeatedly followed up with DHS, seeking that

information.

On February 21, 2019—more than fourteen months after Plaintiffs submitted Request 2,

nine months after the filing of the complaint, and four months after the Court's Minute Order

directing the parties to file a joint proposed scheduling order—counsel for DHS revealed for the

first time to Plaintiffs that the agency had not yet initiated a search for responsive records.

Finally, in the parties' Joint Status Report filed April 1, 2019, ECF No. 31, DHS

committed to providing Plaintiffs with "the number of actually responsive pages and a schedule

for producing those pages by April 30, 2019." On May 3, 2019, counsel for DHS informed

Plaintiffs that DHS had identified "1,482 potentially-responsive records" and that the agency

intended to process these records at a rate of "250 pages/month," with an initial interim

production by June 7, 2019. That same day, Plaintiffs again requested, per DHS's agreement, the

number of actually responsive pages as well as a proposed processing and production schedule.

On May 7, 2019, counsel for DHS issued a correction that DHS in fact identified "1,482

potentially responsive pages," not records.

### 3.    Where things stand

To date, Plaintiffs have not received any records from DHS in response to Request 2.

On May 7, 2019, Plaintiffs requested that DHS complete processing of all responsive

records within two months, given the length of time that had already elapsed since Plaintiffs

submitted Request 2. In the parties' Joint Status Report filed May 17, 2019, ECF No. 32, counsel

for DHS proposed for the first time a processing schedule for responsive records, offering

interim productions on June 7, 2019, July 8, 2019, August 5, 2019, September 3, 2019, and

October 1, 2019.

## II.    Plaintiffs' proposed processing schedules are reasonable.

Given that Request 1 and Request 2 have been pending for more than twenty-four months

and seventeen months, respectively—and that this litigation has been ongoing for more than

twelve months—Plaintiffs believe that it is reasonable for the CIA to complete processing by

July 16, 2019, and for DHS to complete processing by June 25, 2019.

### A.    CIA

Plaintiffs propose that the CIA process all remaining responsive records by July 16, 2019.

Plaintiffs believe that this date is reasonable because it comes nineteen months after Plaintiffs

submitted Request 2, and gives CIA two months from the date of this filing. In the interest of

facilitating processing, Plaintiffs consent to the exclusion of draft manuscripts from processing, which will likely substantially reduce the number of pages to be processed.[3]

To date, Plaintiffs do not know how many actually or potentially responsive pages were identified in the CIA's searches. While Plaintiffs have been informed that the CIA has identified approximately 1,870 responsive records in total for both requests, the CIA refuses to provide even a rough estimate of the number of pages contained in those records. Plaintiffs therefore cannot determine with certainty how many pages per month the CIA would have to process in order to complete processing of responsive records by July 16, 2019.

However, counsel for the CIA stated on December 15, 2018 that the "CIA began processing Request 1 and Request 2 upon receipt"—that is, on May 10, 2017 and December 18, 2017. Had the CIA completed its searches and processed responsive records in a timely manner, the CIA would almost certainly have completed production by now.

**B.     DHS**

Plaintiffs propose that DHS process all responsive records by June 25, 2019. Plaintiffs believe that this date is reasonable because it comes over eighteen months after Plaintiffs submitted Request 2, and two months after April 30, 2019, the date by which DHS had agreed, after several months' delay, to complete its searches and provide Plaintiffs with the number of actually responsive pages and a schedule for processing. DHS has nevertheless failed to provide Plaintiffs with the number of actually responsive pages. It has informed Plaintiffs only that it has identified 1,482 potentially responsive pages.

---

[3] For example, Defendant NSA identified a total of nearly 4,500 pages of responsive records, but fewer than 600 pages of responsive records excluding draft manuscripts. As a result, NSA agreed to substantially shorten its proposed processing schedule in exchange for Plaintiffs' consent to exclude draft manuscripts.

An order that DHS process all non-exempt information by June 25, 2019 would be

consistent with processing rates imposed on DHS in recent cases. *See, e.g.*, Memo Endorsement,

*Nat'l Immigration Project of the Nat'l Lawyers Guild v. Dep't of Homeland Sec.*, No. 18-cv-

00659 (S.D.N.Y. Apr. 6, 2018), ECF No. 55 (ordering DHS to process 1,500 pages per month);

*EPIC v. DHS*, 218 F. Supp. 3d 27, 37 (2016) (noting that the court ordered DHS to process at

least 2,000 pages per month). Moreover, DHS confirmed receipt of Request 1 on December 18,

2017, and the parties negotiated and narrowed the scope of the request by December 21, 2017.

Had DHS completed its searches and processed responsive records in a timely manner, the

agency would, like the CIA, almost certainly have completed production.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion

for a processing schedule or, in the alternative, a status conference to resolve this continuing

impasse regarding the processing and production of responsive records by the CIA and DHS.


Dated: May 22, 2019

Respectfully submitted,

 /s/ *Jameel Jaffer*
Jameel Jaffer (D.C. Bar No. MI0067)
Alex Abdo (admitted *pro hac vice*)
Knight First Amendment Institute
at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
T: 646.745.8500
jameel.jaffer@knightcolumbia.org
alex.abdo@knightcolumbia.org

Brett Max Kaufman
American Civil Liberties Union
125 Broad Street—18th Floor
New York, NY 10004
T: 212.549.2500

F: 212.549.2654
bkaufman@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union of
  the District of Columbia
915 15th Street, NW
Second Floor
Washington, D.C. 20005
T: 202.601.4266
artspitzer@aclu-nca.org

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served to all counsel of record via the Court's CM/ECF system on this 22nd day of May, 2019.

*/s/ Jameel Jaffer*
Jameel Jaffer