**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KNIGHT FIRST AMENDMENT | ) | |
| INSTITUTE AT COLUMBIA | ) | |
| UNIVERSITY, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 18-1129 (EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF DEFENSE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT

Plaintiffs Knight First Amendment Institute at Columbia University, American Civil Liberties Union, and American Civil Liberties Union Foundation (collectively, "Plaintiffs"), and Defendants Department of Defense ("DOD"), Department of the Army ("Army"), Central Intelligence Agency ("CIA"), Department of Justice ("DOJ"), DOJ, Office of Legal Counsel ("OLC"), DOJ, National Security Division ("NSD"), Federal Bureau of Investigation ("FBI"), Department of State ("State"), Office of the Director of National Intelligence ("ODNI"), Department of the Air Force ("Air Force"), United States Coast Guard ("Coast Guard"), Drug Enforcement Administration ("DEA"), Department of Homeland Security ("DHS"), Defense Intelligence Agency ("DIA"), Department of Energy ("DOE"), Department of the Treasury ("Treasury"), Marine Corps ("Marines"), Department of the Navy ("Navy"), National Geospatial-Intelligence Agency ("NGIA"), National Reconnaissance Office ("NRO"), and National Security Agency ("NSA") (collectively, "Defendants") respectfully submit this Joint Status Report, pursuant to the Court's Standing Order in FOIA Cases, *see* Minute Order (Oct. 2, 2018).

Additionally, the Court has directed the parties to address whether the CIA's interim production dated July 1, 2019 moots Plaintiffs' motion for a processing schedule or, in the alternative, a status conference. Minute Order (July 16, 2019). The parties agree that the motion is not moot because the CIA has yet to complete its processing of responsive records.

Plaintiffs respectfully request that the Court grant their motion. The CIA's July 1, 2019 interim production reflected review of only 462 out of 1,746 remaining potentially responsive documents (roughly one quarter (1/4) of the remaining records). Accordingly, nearly three quarters (3/4) of the remaining documents identified by the CIA as potentially responsive have yet to be processed, and the CIA continues to propose that it complete processing in rolling productions culminating only in December 2019—more than 19 months after Plaintiffs first filed suit. In Plaintiffs' view, this proposal is unreasonable, particularly in light of the CIA's failure to provide Plaintiffs with the number of actually responsive pages it has identified—information that Plaintiffs have requested repeatedly. Thus, Plaintiffs respectfully maintain their request that the Court issue an order requiring the CIA to complete the processing and production of responsive records by a date certain. However, given that the date initially proposed by Plaintiffs (July 16, 2019) has passed, Plaintiffs now propose that the CIA complete processing by August 15, 2019. In the alternative, Plaintiffs respectfully maintain their request that the Court schedule a status conference at its earliest convenience to resolve the parties' dispute.

It is the view of Defendant CIA that the Court should deny Plaintiffs' motion.  As set forth in detail in its opposition to Plaintiffs' motion and the accompanying Declaration

of Antoinette B. Shiner, Information Review Officer for the Litigation Information Review Office of Defendant CIA, *see* ECF Nos. 38, 38-1, Plaintiffs' proposed expedited processing schedule is unreasonable and ignores the good faith effort that the agency has made to process records in response to Plaintiffs' FOIA requests.   As of the filing of this Joint Status Report, Defendant CIA has issued three interim responses, and as explained below in part I-III(G), has proposed only two additional rolling productions until processing is complete.  Specifically, Defendant CIA intends to process and produce 400-500 responsive documents on or before September 20, 2019, and produce a final response by December 2019.   The processing schedule proposed by Defendant CIA balances Plaintiffs' desire to obtain responsive records as expeditiously as possible with the CIA's existing workload obligations and resource constraints.

**I–III.   The Status of the FOIA Requests, the Anticipated Number of Responsive Records, and the Anticipated Dates by Which Responsive Information Will Be Produced**

This lawsuit involves three separate FOIA requests, each of which seeks records from twenty (20) separate Executive Branch agencies related to their respective pre-publication review processes—the policies and procedures governing the review of written materials drafted or prepared by current or former federal government employees, which discuss or reference their federal government service, prior to public release. *See* Compl. ¶¶ 1, 14–123.

FOIA Request 1 was submitted to ten (10) separate Defendant agencies—DOD, Army, NSA, CIA, DOJ, DOJ-OLC, DOJ-NSD,[1] the FBI, DOS (State), and ODNI—on

---

[1] In addition to DOJ, DOJ-OLC, and DOJ-NSD, Plaintiffs submitted FOIA Request 1 to DOJ Office of the Attorney General ("OAG").

May 9, 2017. FOIA Request 1 contains three separate requests that broadly request all written communications, inter- and intra-agency correspondence, and records reflecting interim, final, or after appeal decisions related to the pre-publication review processes of each of the ten (10) Defendant agencies in connection with pre-publication requests submitted by twenty-two (22) separately identified individuals. *See id.* ¶¶ 14–18.

FOIA Request 2 was submitted to nineteen (19) of the Defendant agencies—CIA,[2] DOD, DIA, Army, Air Force, Navy, NGIA, NRO, NSA, the Marines, DOE, DHS, Coast Guard, DOJ, DEA, FBI, DOS, Treasury, and ODNI—on December 13, 2017. *See id.* ¶¶ 14, 43. FOIA Request 2 generally contains three separate requests, one of which has three separate subparts, seeking all records related to non-disclosure agreements or any other agreements, administrative appeals, and sanctions from each of the 19 Defendant agencies. *See id.* ¶¶ 43–44. In addition to these specific requests, FOIA Request 2, which was submitted to Defendants CIA, DHS, and ODNI, contained a fourth paragraph that requests additional records related to pre-publication review policies attributed to the CIA, DHS, and ODNI respectively. *See id.* ¶¶ 44–47.

Finally, FOIA Request 3 was submitted to three Defendant agencies—DOJ, NSD, and the FBI—on March 27, 2018. *See id.* ¶¶ 14, 114. FOIA Request 3 generally seeks all correspondence, inter- and intra-agency correspondence, and documents reflecting decisions related to the pre-publication review process undertaken by Mr. James Comey in relation to the publication of his memoir, *A Higher Loyalty. See id.* ¶¶ 114–15.

---

[2] In addition to the CIA, Plaintiffs submitted FOIA Request 2 to the CIA Office of Inspector General.

### A. DOD

DOD initially searched for and identified 1,440 potentially responsive records in response to FOIA Requests 1 and 2. In the parties' February 27, 2019 Joint Status Report, DOD stated that it "anticipate[d] producing all non-exempt, responsive records (or the portions thereof) on two separate production dates: (1) on or before February 28, 2019; and (2) on or before March 31, 2019." DOD issued a first interim response on February 28, 2019. On April 1, 2019, counsel for Defendants informed counsel for Plaintiffs that DOD required an additional month to complete production, and that DOD would produce the remaining non-exempt, responsive records (or the portions thereof) on or before April 30, 2019.  On April 30, 2019, DOD issued a "final" response, including the remaining non-exempt records (or the portions thereof) responsive to FOIA Requests 1 and 2.

However, following Plaintiffs' requests for clarification regarding the scope of DOD's searches for FOIA Requests 1 and 2, counsel for DOD stated by email dated July 1, 2019, that DOD had identified 425 additional pages of records potentially responsive to FOIA Request 1 that have not yet been processed. DOD anticipates completing processing and production of these additional records by the end of August 2019.

Additionally, counsel for DOD stated in the same email that DOD had not conducted a search for records responsive to Item 3 of FOIA Request 2 (seeking records related to sanctions imposed or considered for imposition due to non-compliance with prepublication review obligations). By email dated July 17, 2019, counsel for DOD further stated that "DOD will conduct a search, and plans to be able to provide a number of responsive pages and a proposed processing schedule by Aug[ust] 30."

Finally, on May 28, 2019, counsel for Plaintiffs requested that DOD process records responsive to Item 2 of FOIA Request 2 (seeking records related to administrative appeals from prepublication review determinations) for two additional years. (Plaintiffs had initially agreed to DOD "process[ing] the last year of responsive records for [Item 2 of FOIA Request 2] . . . subject to [their] right to ask the agency to process records for additional years.") Plaintiffs also requested information regarding the number of responsive records and pages as well as a proposed production schedule for these additional records. On July 17, 2019, counsel for DOD stated that "DOD is pulling the records from storage and will analyze and provide this information by Aug[ust] 30."

## B. Army

Army initiated searches for potentially responsive records in response to FOIA Requests 1 and 2, which did not identify any potentially responsive records. By letter dated June 20, 2018, Army issued a final "no records" determination in response to FOIA Request 2. However, by email dated July 17, 2019, counsel for Army informed Plaintiffs that Army identified "some records responsive" to FOIA Request 2. Army has not provided any information about the number or nature of these newly identified responsive records. Army anticipates producing all non-exempt, responsive records by early August 2019.

## C. Air Force

The Air Force initiated searches for potentially responsive records in response to FOIA Request 2, which did not identify any potentially responsive records. The Air Force issued a final "no record" response letter dated March 31, 2019.

### D.  Navy

Navy identified four potentially responsive records in response to FOIA Request 2. Navy produced the four records with a final response letter dated August 2, 2018.

### E.  Marines

Marines identified one potentially responsive record in response to FOIA Request 2. Marines produced the one record with a final response letter dated July 26, 2018.

### F.  State

State identified 610 potentially responsive records in response to FOIA Requests 1 and 2. State has completed processing and producing all of the non-exempt, responsive records (or the portions thereof) in response to both requests. Interim Productions were made through response letters dated October 12, 2018, November 13, 2018, and December 12, 2018. State initially stated that it had completed production with a response letter dated March 14, 2019. However, State later issued a further production dated July 10, 2019. By email dated July 11, 2019, counsel for State stated that the July 10, 2019 production was State's final production.

### G.  CIA

The CIA identified approximately 1,870 potentially responsive records in response to FOIA Requests 1 and 2. To date, the CIA has not produced any records responsive to FOIA Request 2. On March 4, 2019, the CIA issued a first interim production, reflecting a review of 34 records, in response to FOIA Request 1. The CIA initially proposed to produce the remaining non-exempt, responsive records in response to both FOIA Requests 1 and 2 in three or four rolling productions on or before the following dates: April 30, 2019; June 28, 2019; September 30, 2019; and December 19, 2019. On April 30, 2019, the CIA issued

a second interim production, reflecting a review of 90 out of 1,836 remaining potentially responsive records.

In an effort to address these concerns while taking into account the agency's FOIA workload obligations and personnel constraints, the CIA proposed to produce: (1) by June 28, 2019, one-third (1/3) of all non-exempt records (or the portions thereof) responsive to FOIA Requests 1 and 2; (2) to produce by September 30, 2019, half (1/2) of all non-exempt records (or the portions thereof) responsive to FOIA Requests 1 and 2; and (3) to issue a final response letter by December 19, 2019, with the remaining non-exempt, responsive records.

On July 1, 2019, CIA issued a third interim production, reflecting a review of 462 documents out of 1,746 remaining potentially responsive records.  And by email dated July 18, 2019, counsel for the CIA indicated that the agency maintained its proposal "to produce between 400–500 documents on or before September 20, 2019, and then finalize the production in December."

**H.  FBI**

FBI has identified approximately 365 potentially responsive pages in response to, FOIA Requests 1, 2, and 3. FBI completed processing of the approximately 365 potentially responsive pages and produced all of the non-exempt, responsive records in response to FOIA Requests 1, 2, and 3 with letters dated July 10, 2017, November 20, 2018, December 21, 2018, January 3, 2019, and April 12, 2018.

## I.  DEA

DEA has identified one (1) potentially responsive record in response to FOIA Request 2. DEA completed processing of the responsive record and produced it to Plaintiffs with a final response letter on February 12, 2018.

## J.  ODNI

ODNI has identified approximately thirty-one potentially responsive records in response to, FOIA Requests 1 and 2. ODNI completed processing of the thirty-one potentially responsive records, and referred fourteen records to the CIA for a direct response to Plaintiffs. ODNI produced the remaining non-exempt responsive records (or the portions thereof) in response to FOIA Requests 1 and 2 on September 18, 2018, October 3, 2018, and October 22, 2018.

## K.  DOJ-NSD

NSD completed searches for potentially responsive records in response to FOIA Requests 1 and 3. NSD identified thirteen (13) potentially responsive records in response to FOIA Request 1. NSD completed processing of these 13 potentially responsive records and referred two records to DOD and one record to the CIA for processing and direct response to Plaintiffs. NSD produced the remaining records to Plaintiffs and issued its final response on March 15, 2019. NSD did not identify any records in response to FOIA Request 3 and issued a final "no records" response letter on April 1, 2019.

## L.  DOJ-OAG

Plaintiffs submitted FOIA Request 1 to OAG and DOJ's FOIA/PA Mail Referral Unit. Plaintiffs submitted FOIA Request 2 to DOJ's FOIA/PA Mail Referral Unit, which directed that request to DOJ's Office of Information Policy ("OIP") for processing. OIP

searched OAG for records responsive to FOIA Requests 1 and 2. OIP did not identify any potentially responsive records in response to FOIA Requests 1 and 2 and issued final "no records" responses on behalf of OAG to each Request on May 19, 2017, and January 11, 2018. Plaintiffs did not administratively appeal either final "no records" response prior to the filing of the instant action. OIP was not a recipient of FOIA Request 3.

**M. DOJ-OLC**

OLC identified approximately 150 to 160 potentially responsive records in response to FOIA Request 1. After completing its responsiveness review and removing duplicates, OLC ultimately identified 139 responsive records. With a final response letter dated April 30, 2019, OLC produced 120 records totaling 309 pages (or the non-exempt portions thereof) in response to FOIA Request 1 and withheld in full the remaining 19 records, totaling 88 pages.

**N. DIA**

DIA identified approximately 150 potentially responsive records (roughly 4,200 pages) in response to FOIA Request 2. DIA has completed processing of 149 responsive records and produced non-exempt, responsive records with eight productions dated December 21, 2018, January 31, 2019, February 28, 2019, March 29, 2019, April 26, 2019, May 15, 2019, and June 27, 2019.  On July 2, 2019, DIA issued a final response letter thereby completing the processing of responsive records in this matter.

**O. NSA**

NSA identified 85 records (2410 pages) that are responsive to FOIA Request 1. With respect to FOIA Request 2, NSA identified eight pages of records that are responsive to FOIA Request 2 and produced the non-exempt, responsive pages (or the portions

thereof) in a first interim response letter dated January 11, 2018. NSA has since identified an additional 79 records (2086 pages) that are responsive to FOIA Request 2. NSA initially proposed to complete processing and production of the 85 records (2410 pages) (or the non-exempt portions thereof) in response to FOIA Request 1 on or before June 1, 2019, and to complete processing of the 79 records (2086 pages) (or the non-exempt portions thereof) in response to FOIA Request 2 on or before September 1, 2019.

However, since the filing of the April 1, 2019 JSR, the parties reached an agreement pursuant to which Plaintiffs agree to exclude draft manuscripts (marked and unmarked) from the scope of Plaintiffs' Requests in exchange for the NSA's commitment to complete processing of both FOIA Requests 1 and 2 by June 30, 2019. NSA completed processing of records responsive to FOIA Request 1 with two productions dated July 1, 2019 and July 5, 2019. NSA completed processing of records responsive to FOIA Request 2 with an additional production dated June 28, 2019.

**P. NGIA**

NGIA initiated a search for potentially responsive records in response to FOIA Request 2, which identified no potentially responsive records. NGIA issued a final "no records" response letter on March 4, 2019.

**Q. NRO**

NRO identified two potentially responsive records in response to FOIA Request 2. NRO issued a final response letter dated January 2, 2018, which explained that the two responsive records are publicly available.

### R.  Coast Guard

Coast Guard has identified three potentially responsive records in response to FOIA Request 2. Coast Guard has completed processing of the three potentially responsive records and produced the non-exempt, responsive records (or the portions thereof) with a final response letter dated July 20, 2018.

### S.  Treasury

Treasury has identified two potentially responsive records in response to FOIA Request 2. Treasury completed processing and issued a final response letter dated July 24, 2018, which explained that the two responsive records are publicly available.

### T.  DOE & NNSA

DOE initiated a search for potentially responsive records in response to FOIA Request 2, which did not identify any potentially responsive records. DOE issued a final "no records" response letter dated June 20, 2018. DOE also referred FOIA Request 2 to NNSA on February 5, 2018. NNSA initiated a search for potentially responsive records in response to FOIA Request 2, which did not identify any potentially responsive records. NNSA issued a final "no records" response letter dated June 14, 2018.

### U.  DHS

In the parties' April 1, 2019 Joint Status Report, DHS agreed to conduct a search for records that are potentially responsive to FOIA Request 2 and to provide Plaintiffs with the number of actually responsive pages and a schedule for producing those pages by April 30, 2019. Since the filing of the April 1, 2019 Joint Status Report, DHS has conducted a search for potentially responsive records.

On May 3, 2019, counsel for Defendants informed counsel for Plaintiffs that DHS had identified "1,482 potentially-responsive records" and that the agency intended to process these records at a rate of "250 pages/month," with an initial interim production by June 7, 2019. DHS provided this information to counsel for Defendants on April 30, 2019. Because counsel for Defendants was out of the office on April 30, 2019, however, she relayed it to counsel for Plaintiffs on May 3, 2019.

On May 7, 2019, counsel for Defendants clarified that DHS in fact identified "1,482 potentially responsive pages," not records. The agency proposed to review and process 250 pages each month and to provide Plaintiffs with a first interim response on June 7, 2019, and to process and produce the remaining responsive records in four (4) additional interim productions on the following dates: July 8, 2019, August 5, 2019, September 3, 2019, and October 1, 2019.

On May 21, 2019, Plaintiffs filed a motion for a processing schedule or, in the alternative, a status conference, requesting that the Court order DHS to complete processing and production by June 25, 2019. ECF Nos. 34, 35. However, on the eve of its original deadline to respond to Plaintiffs' motion, DHS provided a final production dated June 3, 2019.

**VI.    Whether a motion for an Open America stay is likely in this case**

The parties do not believe that a motion for an Open America stay is likely in this case.

**V.    Whether a *Vaughn* index will be required in this case**

At this juncture, it is unclear whether *Vaughn* indices will be required in this case.

**VI.**    **Whether this case would benefit from referral to a magistrate judge or the District Court Mediation Program for purposes of settlement**

The parties have worked cooperatively in this matter and are committed to continuing to work to resolve this case without further Court involvement. They do not, therefore, believe that the case would benefit from referral to a magistrate judge or the District Court's Mediation Program for purposes of settlement.

**VII.**    **A proposed briefing schedule for dispositive motions, if applicable**

Although some of the Defendant agencies have completed processing, many have not. Accordingly, the parties are not yet in a position to proposed a dispositive briefing schedule. The parties respectfully request additional time in which to resolve any issues that may arise regarding Defendants' processing of non-exempt, responsive records (or the portions thereof), including whether the parties are able to resolve many (if not all) of the issues that remain to be litigated outside of litigation. To that end, the parties suggest that they file a Joint Status Report on or before August 19, 2019, that informs the Court about the status of the efforts to resolve this matter outside of litigation, or alternatively, proposes a briefing schedule to resolve Plaintiffs' remaining claims.

Dated: July 18, 2019                                  Respectfully submitted,

  _/s/ Jameel Jaffer_                            JOSEPH H. HUNT
Jameel Jaffer (D.C. Bar No. MI0067)        Assistant Attorney General,
Alex Abdo (admitted *pro hac vice*)          Civil Division
Knight First Amendment Institute
at Columbia University
475 Riverside Drive, Suite 302                MARCIA BERMAN
New York, NY 10115                            Assistant Branch Director
(646) 745-10115
alex.abdo@knightcolumbia.org                  _/s/ Tamra T. Moore_
                                              TAMRA MOORE
                                              United States Department of Justice
Brett Max Kaufman                             Civil Division, Federal Programs Branch
American Civil Liberties Union                Tel: (202) 305-8628

125 Broad Street—18th Floor
New York, NY 10004
T: 212.549.2500
F: 212.549.2654
bkaufman@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
  of the Nation's Capital
4301 Pennsylvania Avenue, NW,
Suite 434
Washington, D.C. 20008
T: 202.457.0800
F: 202.457.0805
artspitzer@aclu-nca.org


*Counsel for Plaintiffs*

Fax: (202) 305-8517
Tamra.Moore@usdoj.gov

*Counsel for Defendants*

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served to all counsel of record via the Court's CM/ECF system on this 18 day of July, 2019.


*/s/ Tamra T. Moore*
TAMRA T. MOORE